## George W. Yaner v. The People.

*Criminal examinations: Presentment by grand jury.* The examination of persons charged with offenses not cognizable by a justice of the peace, was designed to take the place of a presentment by the grand jury, but it was not designed thereby to deprive the accused of any substantial right that existed before.

*Criminal complaints: Examination: Warrant: Offense charged.* In making the complaint and in the examination of witnesses previous to the issuing of the warrant, the proceedings are not only *ex parte*, but general, and not confined to any particular offense, but the warrant must specify some particular offense, and the proceedings thereafter become specific and limited by the offense charged in the warrant.

*Warrant: Offense charged: Different degrees: Examination.* Where the offense charged in the warrant includes one or more others of lesser degree, the magistrate should determine which offense, if any, has been committed, to the end that the accused may not be put upon trial for an offense different or greater than that for which he had been examined and held for trial.

*Criminal examinations: Duties of magistrate: Offense charged.* The examining magistrate is not to be required to nicely weigh evidence as a petit jury would, nor to discharge the prisoner where there is a conflict of evidence, or in case of a mere reasonable doubt of his guilt; and his inquiry may extend to all the facts connected with the charge, though they show an offense different or greater than that charged; but if it appear that a higher or different offense has been committed, a new warrant should thereupon be issued charging the proper offense, upon which an examination may be had.

*Examining magistrate: Offense charged.* The magistrate must, however, upon the examination of the whole matter, determine whether an offense has been committed, and he must at the same time specify it, so that it may be seen whether it is an offense bailable by him or not.

*Criminal examination: Specific offense: Murder: Manslaughter: Information: Motion to quash.* Where upon examination under a warrant charging the offense of murder, the magistrate refused upon request to determine whether the evidence adduced showed probable cause to believe the offense committed was murder or only manslaughter, and his return affirmatively showed such request and refusal, an information for murder having been filed, it was held that a motion to quash on this ground ought to prevail.

*Heard June 13 and 14.    Decided June 15.*

Error to Ionia Circuit.

*Mitchel & Pratt,* for plaintiff in error.

*Andrew J. Smith, Attorney General,* for the People, referred to *Turner v. People, 33 Mich., 363.*

MARSTON, J:

The respondent was arrested, examined and held for trial, upon a complaint charging him with having committed the crime of murder. An information containing a similar charge was filed in the circuit court, upon which he was tried, found guilty of manslaughter, and sentenced to state prison for seven years.

Before pleading, a motion was made on behalf of the respondent to quash the information, "because it affirmatively appeared that the examining magistrate refused to determine whether the facts proven on the examination amounted to manslaughter or murder." The magistrate, in obedience to an order of court, made a special return, the part upon which this objection was based being as follows:

"And I further certify and return that I, the said magistrate, did refuse to pass upon the question raised by said respondent's counsel, whether the proof would amount to murder or manslaughter. I did rule and decide that was a question for a petit jury, and not for the examining magistrate."

The examination of persons charged with offenses not cognizable by a justice of the peace was designed to take the place of a presentment by the grand jury. The law was always very strict in requiring grand juries to be definite and specific in relation to the offense charged in the indictment upon which it was sought to put the accused upon trial. The indictment could not be amended by the prosecuting attorney, nor could the accused be tried for another and different offense than the one charged. The statute permitted certain amendments to be made, but these were more in matter of form than substance; they did not change the nature of the accusation.

The legislature, in substituting or permitting examinations instead of indictments, did not intend thereby to withdraw from, or deprive a person accused of crime of any substan-

tial right which previously existed.    It was not designed
that an examination in form only should be gone through
with, and the accused bound over and put upon trial in the
circuit court for an offense which the magistrate did not
judicially determine to have been committed.

The statute provides that whenever complaint shall be
made to a magistrate that a criminal offense not cognizable
by a justice of the peace has been committed, he shall exam-
ine on oath the complainant and any witnesses who may be
produced; and if it shall appear from such examination
that any criminal offense not cognizable by a justice of the
peace has been committed, the magistrate shall issue his
warrant, directed, etc., reciting the substance of the accusa-
tion, etc.—§§ *7844, 7845, C. L.*    In all cases where the
offense charged in the warrant is not punishable with death,
or imprisonment in the state prison, the party may be ad-
mitted to bail before a magistrate of the county where the
arrest was made.—§§ *7847–8.*    It is very evident from an
examination of this chapter (*259*) that when a complaint
is first made, the examination of the complainant and
witnesses then produced, is not only *ex parte,* but gen-
eral.    It is not confined· to any particular offense, but if
it appears from the whole examination that any criminal
offense not cognizable by a justice has been committed,
the magistrate shall issue his warrant; the warrant so issued
must, however, specify some particular offense.    What up
to this time was general, now becomes more specific, and
limits the subsequent proceedings.    The magistrate, before
whom any person is brought upon a charge of having com-
mitted an 'offense not cognizable by a justice of the peace,
shall proceed to examine the complainant and the witnesses
in support of the prosecution, on oath, in the presence of
the prisoner, *in regard to the offense charged, and in regard
to any other matters connected with such charge,* which he
may deem pertinent.—§ *7855.*    And it is only when it
shall appear from such examination that an offense not cog-
nizable by a justice of the peace has been committed, and

that there is probable cause to believe the prisoner guilty thereof, that he can be held for trial.—§§ *7859, 7860.* The clear evident intent of this statute was, that the magistrate should exercise his best judgment in the matter; that he should from the testimony determine whether the crime charged in the warrant had been committed, or where, as in this case, the offense charged includes one or more of lesser degree, the magistrate should determine which offense, if any, had been committed, so that the accused might not be placed upon trial in the circuit to answer to a charge different or greater than the one upon which he had been examined, and to answer which he had been held for trial. If this were not so we would have the magistrate binding over for one offense, and the prosecuting attorney filing an information for another or different one, or the magistrate binding over to answer to an offense of one degree, and the prosecuting attorney filing an information for a like offense of a higher degree.   In either case the offense charged in the information would be one not authorized by the examination, and it never was intended that the prosecuting officer should file an information in the circuit court charging an offense different - or greater than the one upon which the accused had been examined and held for trial.

We do not desire to be understood that the magistrate must nicely weigh evidence as a petit jury would, or that he must discharge the accused where there is a conflict of evidence, or where there is a reasonable doubt as to his guilt; all such questions should be left for the jury upon the trial. Or that where the charge in the warrant is one of a minor degree, as manslaughter, the magistrate may not inquire fully into all the facts connected therewith, even although they should show that an offense of a higher degree, as murder, had been committed; or even show a different offense in connection therewith, as that the homicide charged originated in a riot, a burglary, robbery, or attempt thereto. In all such cases, if it should appear, either upon the whole examination, or at any time during the progress thereof,

34 MICH.—37.

that a higher offense, either of the same or a different degree than that charged in the warrant, had been committed, it would then be the duty of the magistrate, without any further or other preliminary complaint or examination, to issue a new warrant charging such accused with the higher offense, and proceed thereon as in other cases. Or that within certain limits, heretofore referred to by this court, the prosecuting officer may not, when he comes to file an information, put it in such form as, in his opinion, will enable him to try the offense upon the merits in the way most effectually to advance the ends of justice. There is a wide difference between this and that class of cases.

There are still other reasons for coming to the same conclusion, and the present case is a good illustration of the danger which would likely result should any other course be adopted.

Persons charged with crime are entitled of right to bail in all cases, except for capital offenses, or for murder in the first degree where the proof is evident or the presumption great.— 7868. And the statute in pointing out the duty of the justice upon an examination, where it appears that an offense not cognizable by a justice has been committed, and there is probable cause to believe the prisoner guilty thereof, further provides that "*if the offense be bailable by the magistrate, and the person offer sufficient bail, it shall be taken and the prisoner discharged; but if no sufficient bail be offered, or the offense be not bailable by the magistrate, the prisoner shall be committed to prison for trial.*"—§ 7860. The magistrate therefore must, "upon the examination of the whole matter," determine whether an offense has been committed, and he must at the same time specify it, so that it may be seen whether the offense specified be bailable by the magistrate or not. This is one of the rights of the accused, of which the magistrate, by a failure to specify the offense, should not be permitted to deprive him. It may be necessary to his future liberty that he should be admitted to bail, so as to prepare to meet the charge of which, perhaps, he

has been wrongfully accused. We cannot act upon the theory that every person held for trial is necessarily guilty of the offense charged in the warrant of arrest. So jealous have the people been of this right to bail that a constitutional provision has been adopted against excessive bail being required. If the magistrate could not require excessive bail, could he by declining to specify the offense deprive the accused of bail in a case like the present?

The statute further requires the magistrate, whenever no sufficient bail is offered, and the prisoner is committed to jail, to certify, upon the mittimus issued by him, the sum for which bail is required, so that the prisoner might afterwards offer sufficient bail to the clerk of the court.—§ *7875.* And it was held in *Matter of Leddy, 11 Mich., 198,* that if the justice failed so to do the commitment would be invalid.

In this case the question is not left to conjecture or presumption; the magistrate in his special return affirmatively shows that he refused to determine "whether the proof would amount to murder or manslaughter." Clearly, then, he did not determine from the evidence adduced upon the examination that the offense was murder, or that there was probable cause to believe the accused guilty of such an offense. It thereupon became his duty to fix the amount of bail, as the offense, if any, was a bailable one, and admit the accused to bail, if sufficient bail was offered, and if no sufficient bail was offered, to specify upon the mittimus the amount for which bail should be required.

For these reasons the information should be quashed, the judgment set aside, and the prisoner discharged.

The other Justices concurred.