## THE PEOPLE v. PATRICK RAHER.

92  165
117  577

*Criminal law—Assault—Firing into crowd—Intent—Appeal.*

1. The instruction of the court that, if respondent fired a revolver into a crowd intending to wound any of the persons composing it, he might be convicted, notwithstanding he had no specific intent to shoot the person who was wounded, and who was named in the information as the person upon whom the assault was made with intent to do great bodily harm less than the crime of murder, is sustained.

2. Where a respondent is informed against for an assault with intent to murder in one count, and for an assault with intent to do great bodily harm less than the crime of murder in a second count, and the suit is tried throughout and submitted to the jury upon the theory that if they failed to find the specific intent charged they must acquit, an objection, made for the first time by an assignment of error, that the jury should have been instructed that if they failed to find such intent they might find the respondent guilty of assault and battery, comes too late.

Error to Gogebic. (Daboll, J., presiding.) Argued May 5, 1892. Decided June 10, 1892.

Respondent was convicted of an assault with intent to do great bodily harm less than the crime of murder, and sentenced to imprisonment in the State prison at Marquette for eight years. Affirmed. The facts are stated in the opinion.

*John Power*, for respondent.

*A. A. Ellis*, Attorney General, and *Charles M. Howell*, Prosecuting Attorney, for the people.

GRANT, J.   The respondent was convicted of an assault with intent to do great bodily harm, less than murder, upon the person of one John Peterson.   Other persons besides Peterson were standing near when the respondent fired a revolver, wounding Peterson in the head.   The court was requested to instruct the jury that they must find the specific intent to assault Peterson.   This request was refused, and the court instructed them that, if respondent shot into the crowd with the intention to wound any of them, he might be convicted, notwithstanding he had no specific intent against Peterson.

It has been held that where a prisoner fired a gun in the direction of a crowd he was guilty of an assault upon each.   *State v. Nash*, 86 N. C. 650; *State v. Myers*, 19 Iowa, 517; *Smith v. Com.*, 100 Penn. St. 324.   In *Smith's Case*, Dears. Cr. Cas. 559, the prisoner shot at A., supposing him to be B., and intending to kill B.   He was held properly convicted of assault with intent to murder. In *Bailey's Case*, Russ. & R. 1, the prisoner, a captain of a vessel, shot into another vessel.   He was indicted for maliciously and willfully shooting at one Truscott, a mariner upon such other vessel.   Lord Eldon instructed the jury that, if they found the guns were fired at the vessel and those on board her generally, the guns might be considered as shot at each individual on board her, and therefore at Henry Truscott, the person named in the indictment.   That case was approved in *Rex v. Lovel*, 2 Moody & Rob. 39.   The contrary doctrine appears to have been held in Arkansas.   *Lacefield v. State*, 34 Ark. 275; *Scott v. State*, 49 Id. 156 (4 S. W. Rep. 750).   I think the instruction was correct.

The information contained two counts,—one for assault with intent to murder, and the other for assault with intent to do great bodily harm. The court instructed the jury that if they found neither of these intents they must acquit. It is now alleged as error that the court should have instructed them that if there was no intent they might find him guilty of assault and battery. The respondent was defended by attorneys of skill and experience in criminal cases. They submitted to the court nine requests to charge, but no request as to assault and battery. The suit was evidently tried throughout upon the theory submitted to the jury by the court. The objection comes too late.

We find no error in the record, and the conviction is affirmed.

Morse, C. J., Long and Montgomery, JJ., concurred. McGrath, J., did not sit.