## PEOPLE *v.* BERRYHILL.

1. CRIMINAL LAW—APPEAL AND ERROR—SUFFICIENCY OF EVIDENCE.
    Test of evidence in a criminal case is whether there was sufficient
    evidence to support a finding of guilt beyond a reasonable
    doubt.

2. SAME—EVIDENCE—ASSAULT WITH INTENT TO DO GREAT BODILY
HARM LESS THAN MURDER.
    Claim of defendant, convicted of assault with intent to do great
    bodily harm less than murder, that there was insufficient evi-
    dence to support a finding of guilt beyond a reasonable doubt,
    *held*, without merit, where there is sufficient evidence in the
    record to support the verdict (CL 1948, § 750.84).

3. SAME—SPECIFIC INTENT—INTOXICATION.
    Intoxication, to be a defense to a specific intent crime, must be
    so complete that the defendant did not know what he was doing,
    or if he knew what he was doing, he did not know why, or did
    not know that what he was doing was naturally capable of
    causing the harm alleged to be intended.

4. SAME—INTOXICATION—SPECIFIC INTENT.
    The question of whether an accused was so intoxicated as to be
    unable to form the specific intent necessary to a certain crime
    is a matter for consideration of the jury under proper instruc-
    tions, since intent is the gravamen of the charge.

5. SAME—INTOXICATION—SPECIFIC INTENT—ASSAULT WITH INTENT
TO DO GREAT BODILY HARM LESS THAN MURDER.
    Claim by defendant, convicted of assault with intent to do great
    bodily harm less than murder, that his conviction must be
    reversed because he was so intoxicated as to be unable to form

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 883.
[3–5] 21 Am Jur 2d, Criminal Law §§ 107, 108.
[6, 7] 27 Am Jur, Indictments and Informations § 111 *et seq.*
[8] 6 Am Jur 2d, Assault and Battery § 107.

the intent necessary for the commission of the crime, *held*, without merit, where the jury was properly instructed with respect to such intoxication, and there was ample evidence to support the conclusion that defendant was not so intoxicated as to be incapable of forming the required intent (CL 1948, § 750.84).

6. SAME—BILL OF PARTICULARS—DISCRETION OF COURT.

Requiring the people to supply a bill of particulars to the defendant in a criminal case is a matter properly left to a trial court's discretion.

,7. SAME—BILL OF PARTICULARS—WAIVER.

Failure of the people to provide defendant with a bill of particulars in prosecution for assault with intent to do great bodily harm less than murder, as demanded by defendant, *held*, not reversible error, where a review of the record establishes that no injustice occurred and defendant, after demanding such bill of particulars, had thereafter waived his right to have one (CL 1948, § 750.84).

8. SAME—ASSAULT WITH INTENT TO DO GREAT BODILY HARM LESS THAN MURDER—INSTRUCTIONS.

Instructions in prosecution for assault with intent to commit great bodily harm less than murder, *held*, under record presented, to be accurate and complete (CL 1948, § 750.84).

Appeal from Macomb; Carroll (Howard R.), J. Submitted Division 2 May 3, 1967, at Detroit. (Docket No. 2,333.) Decided November 30, 1967.

David Allen Berryhill was convicted of assault with intent to do great bodily harm less than murder. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *George N. Parris*, Prosecuting Attorney, *Thaddeus F. Hamera*, Chief Trial Lawyer, and *Max D. McCullough*, Assistant Prosecuting Attorney, for the people.

*John H. Cresswell*, for defendant.

T. G. KAVANAGH, J. This is an appeal from a denial of a motion for a new trial following a conviction on February 24, 1966, of assault with intent to do great bodily harm less than murder.*

The facts are relatively simple and not in great dispute. The defendant, after an altercation with one William Sheets, was ejected from a tavern known as the Starlight Inn. He returned to the tavern, attempted to hit Sheets with a beer bottle and struck one Leo McMillan. He defended the charge on the theory that he was too intoxicated to form the specific intent required for conviction under the statute.

The appeal makes three assertions of error:

"1. Did the court err when it allowed the jury the liberty to convict on the testimony of only one witness who has been conclusively shown by impeachment to be unworthy of belief?

"2. Does failure to file a bill of particulars, when a timely request therefor has been made, cause the defendant's rights to be irreparably damaged when the crime charged is a statutory crime of specific intent and not a common-law crime, and the defendant, as a result of said failure, is first apprised of the prosecution's actual charge against the defendant in the opening statement at the trial of said cause?

"3. Did the court commit error in instructing the jury that they could not find the defendant guilty of simple assault and battery but could find the defendant guilty of either felonious assault with a dangerous weapon or assault with intent to do great bodily harm less than the crime of murder?"

The first question should be more accurately stated to raise the question of whether there was evidence sufficient to support a finding of guilt beyond a reasonable doubt. See *People* v. *Schram* (1965), 1 Mich

---

* CL 1948, § 750.84 (Stat Ann 1962 Rev § 28.279).

App 279. Since this question was properly preserved for appellate review by the defendant's motion for new trial, we have considered the evidence carefully and conclude that there was sufficient evidence to support a finding of guilt beyond a reasonable doubt.

The only real issue raised by the defense was the degree of defendant's intoxication. All of the witnesses on the subject told of his drinking and only one said he was "sober," and this witness, claims the defendant, was impeached. Thus the defendant claims the "overwhelming weight of the evidence" was that the defendant was intoxicated. But even if granted, this only gets him halfway home.

To be a defense to a specific intent crime, intoxication must be so complete that the defendant didn't know what he was doing or if he knew what he was doing he didn't know why, or didn't know that what he was doing was naturally capable of causing the harm alleged to be intended. See *Roberts* v. *People* (1870), 19 Mich 401 and *People* v. *Hearn* (1958), 354 Mich 468.

This matter is specifically for the jury's consideration under proper instruction for it is the gravamen of the charge.

Here the instruction was adequate and the evidence ample to support the conclusion that defendant was not so intoxicated as to be incapable of forming the required intent which was the practical effect of the jury's verdict. We find no error in this regard.

The second allegation of error, *viz.*, the failure to provide a bill of particulars, does not persuade us of injustice. The formal demand was made but not insisted upon. While we believe the matter is properly left to a trial court's discretion we are satisfied from the record here that the defendant waived any

right he might have had to such bill of particulars.

We have examined the court's instructions and conclude that they were, on the whole, accurate and complete, and thus find no error on the third ground asserted.

Affirmed.

J. H. GILLIS, P. J., and WEIPERT, J., concurred.