PEOPLE v KING

Docket No. 65247. Decided November 23, 1981. On application by the defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded the case to Genesee Circuit Court for further proceedings. Rehearing denied *post,* 1104.

Russell E. King was charged with first-degree murder for shooting Rick Stroble to death. The 67th District Court, Gerald D. Snodgrass, J., bound the defendant over for trial on a charge of manslaughter. The Genesee Circuit Court, Ronald W. Black, J., reviewed the magistrate's order for abuse of discretion and affirmed. The Court of Appeals, D. C. Riley, P.J., and R. B. Burns and N. J. Kaufman, JJ., on appeal by the prosecutor by leave granted, reversed and remanded for trial on the charge of first-degree murder (Docket No. 45074). Defendant applies for leave to appeal.

In a per curiam opinion signed by Justices Kavanagh, Levin, Fitzgerald, and Ryan, the Supreme Court *held:*

The magistrate did not abuse his discretion in considering the evidence presented in defense and refusing to bind the defendant over on a charge of murder.

1. The function of the examining magistrate is to determine whether a crime has been committed and whether there is probable cause for charging the defendant with that crime. The magistrate must have good reason to believe the accused to be guilty of the crime charged and has the duty to pass on the weight and competency of the evidence and the credibility of the witnesses, and may consider evidence in defense. The magistrate should not, however, discharge when the evidence conflicts or raises reasonable doubt of the defendant's guilt, because that presents the classic issue for the trier of fact.

2. Without regard to the defense's evidence of intoxication and provocation, the Court of Appeals found the prosecution had presented evidence on each element of first-degree murder and therefore found an abuse of discretion in the magistrate's failure to bind over on that charge. In so doing, the Court of Appeals too narrowly conceived the magistrate's authority. The inquiry is not limited to whether the prosecution has presented

evidence on each element of the offense. The magistrate is required to make his determination after an examination of the whole matter. If the evidence is insufficient to satisfy the magistrate that the offense charged has been committed and that there is probable cause to believe that the defendant committed it, then he should not bind the defendant over on the offense charged, but may bind him over on a lesser offense as to which he is so satisfied.

3. In this case, the magistrate, upon examination of the whole matter, found that there was insufficient reason to believe that the offense of first- or second-degree murder had been committed because, on the evidence presented, malice and premeditation were lacking. He found that the offense of manslaughter had been committed and probable cause to believe that the defendant had committed it. Review of the record discloses no abuse of discretion in the magistrate's refusal to bind over on a charge of first- or second-degree murder.

The judgment of the Court of Appeals is reversed, and the case is remanded to Genesee Circuit Court for further proceedings on the charge of manslaughter.

Justice Moody, joined by Chief Justice Coleman, dissenting, would hold that there was competent evidence produced on each element of the crime charged and that the examining magistrate abused his discretion by concluding otherwise.

1. The object of the preliminary examination is not to prove guilt or innocence beyond a reasonable doubt; the test of the sufficiency of evidence produced at a preliminary examination requires only that there must be evidence on each element of the crime charged or evidence from which those elements may be inferred. A defendant should not be discharged when the evidence at the preliminary examination is conflicting or raises reasonable doubt of guilt. Such questions should be left for the jury upon the trial. The standard for appellate review of a magistrate's decision at a preliminary examination is that the decision should not be disturbed unless a clear abuse of discretion is demonstrated.

2. The facts presented to the magistrate in this case demonstrated malice. The actions of the defendant could reflect at a minimum an intent to do great bodily harm or wanton and willful disregard of the fact that the natural tendency of his behavior was to cause death or great bodily harm. Testimony at the preliminary examination showed that there had been previous antagonism between the defendant and the decedent and that the defendant had been drinking liquor for a substantial time immediately before the killing. The defendant informed

the decedent approximately one-half hour before that he was going to "blow him away". The defendant then drove to the house of his estranged wife where the decedent was staying, armed with a loaded .22-caliber pistol. He demanded entry into the house, and tried to kick the door down. The defendant fired the fatal shot through the door while the decedent was leaning against it in an attempt to block the defendant's entry. The defendant burst into the house, and stated, in effect, "You got what you wanted". A struggle with other occupants of the house ensued.

3. In making his determination, the magistrate did not indicate that he found the evidence either incompetent or without credibility. There was credible evidence both supporting and negating the existence of malice, premeditation, and deliberation. The finding that the defendant was so intoxicated as to negate the requisite elements of first-degree murder and that the actions of the defendant did not at a minimum constitute a wanton and willful disregard of the likelihood that death or great bodily harm could result, are issues appropriately left to the finder of fact upon trial. Under the facts and circumstances of this case the magistrate clearly abused his discretion.

Justice Williams, dissenting, would remand the matter to the examining magistrate for arraignment on the charge of first-degree murder. He agreed with the opinion of the Court that the magistrate's duty is not only to determine whether the prosecution's evidence established a prima facie case but whether the defendant's evidence destroyed the prima facie case either by contrary evidence or by establishing an affirmative defense. However, in this case the examining magistrate invaded the province of the trier of fact as to whether there was a defense. The magistrate has the duty to consider an attempt by the defendant to prove a defense. However, if there is conflicting evidence on the defense, the case is subject to trial where the prosecution has otherwise made a prima facie case. The testimony at the preliminary examination in this case shows a factual conflict as to issues of defense presented, and therefore the examining magistrate abused his discretion in dismissing the charges of first- and second-degree murder.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Reese W. Stipes* for defendant.

PER CURIAM. We address the scope of the examining magistrate's function and appellate review of that function when an appellant alleges error in the decision of the examining magistrate, because our reading of the Court of Appeals opinion in this case and *People v Oster,* 67 Mich App 490; 241 NW2d 260 (1976), suggests a need to clarify our decisions.

I

The defendant was charged with first-degree murder for shooting Rick Stroble to death on December 30, 1978. The evidence at the preliminary examination showed that the defendant and his wife were separated and in the process of obtaining a divorce. The decedent was living with the defendant's wife and children. From midafternoon on December 29, until the early morning hours of December 30, the defendant consumed a considerable quantity of intoxicants. Around 6:30 a.m. on December 30, the defendant telephoned his wife's residence, spoke with the decedent, and made a threatening comment. The decedent taunted the defendant. Armed with a .22-caliber pistol, the defendant appeared at the door of the house 30 minutes later. The decedent attempted to block the defendant's entry into the house by leaning against the door. The defendant shot through the door, killing the decedent.

Barbara King, the defendant's daughter, stated that she had never heard the defendant threaten the decedent and had never seen any problem between them. Ms. King said that the defendant was drunk and stumbling and that his talk was slurred. James King, the defendant's son, testified

that while his father had threatened the deceased before, he had never taken any action; and he had never seen ' his father violent with the decedent. James King ' also acknowledged that defendant's speech was slurred . and that he staggered. Larry Rushton testified ' that he drank with the defendant from 2 p.m. December 29 until 5:30 a.m. December 30. The defendant was driving erratically on the road and had smoked marijuana at a party.

The Kings testified that when the defendant came to the house he was acting "crazy", "weird"; no one answered the door for two or three minutes when he came; he would not have known who was holding the door, or who was behind it when he shot. Defendant's friend, Dixie Pearce, to whose home he went after the shooting, testified concerning the defendant's statements that he had gone home to get his keys to the Duck Club to which he belonged; they would not let him in; he shot through the door; and the decedent was in the way.

The examining magistrate bound the defendant over for trial on the charge of manslaughter:

"It is my obligation as a district judge to determine whether or not a crime has been committed and what crime and whether or not there is reasonable or probable cause to believe the respondent did perpetrate that crime.· We're dealing with statutory offenses for purposes of the record and for enumeration, [MCL 750.316; MSA 28.548] indicates that all murder which shall be perpetrated by any means of poison, lying in wait, or any kind of wilful, deliberate and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate arson, et cetera, shall be first-degree murder.

\* \* \*

"Intoxication, in order to constitute defense to specific intent crimes, in this case only, first-degree murder,

must be so complete that defendant didn't know what he was doing, or if he knew what he was doing, he didn't know why or didn't know that what he was doing was naturally culpable or—ah—causing harm alleged to be intended. That's a—ah—Court of Appeals case cited [People v Berryhill, 8 Mich App 497; 154 NW2d 593 (1967)]. Evidence of intoxication can—ah—negate requisite specific intent necessary to sustain defendant's conviction for a crime which requires proof of specific intent. In this case it would be only relative to the first-degree murder charge. There is no error in the court's refusal to instruct on a defense of intoxication where the defendant was charged with second-degree murder, which is not a specific intent crime. That comes from the case previously cited. To entirely eliminate voluntary intoxication as a defense to a specific intent crime defendant must while sober have formed the specific intent requisite to commission of the particular crime he is charged with—ah—committing, that, to-wit: is the crime charged of first-degree murder, not speaking yet to second-degree murder.

"It is my opinion, after listening to the facts of this case that I do not find sufficient evidence to warrant the charge of first-degree murder.

"Therefore, we're talking about second-degree murder and we're talking about manslaughter. What degree of crime has this court found? Speaking to that, there is a specific reference to that exact point in [People v Lilley, 43 Mich 521; 5 NW 982 (1880)]. It says, when reflection and deliberation are present and it appears that the assault was made with the intent to take a life, under circumstances where the killing would—killing would not be lawful—ah—or excusable then if the death should ensue the assaulter would be guilty of assault with intent to commit murder.

"In this particular case, I have difficulty finding that the respondent acted with the intent to take a life. I'll indicate that there is sufficient evidence upon this record to indicate that he did not.

"It is not necessary, as the Court so aptly points out in [People v Raher, 92 Mich 165; 52 NW 625 (1892)], it is not necessary for the prosecution to show that the assaulter extended, entertained a specific intent to kill

the person who was injured where it appears that he committed an assault under such circumstances that the natural and usual consequences would be to take a human life.

"I find it extremely difficult, if not impossible, to find that the natural and unusual *[sic]* consequence of firing that gun through that door in that situation which I listened to testimony for six hours constitutes a natural and usual consequence which could be found in the respondent.

"Therefore, it is my opinion that the prosecution has established the burden of proof to show that the crime of manslaughter has been committed and that there is reasonable or probable cause to believe the respondent committed that offense."

## II

The prosecutor sought review of the district judge's decision on binding over. The circuit court identified its task as a review for abuse of discretion under *People v Doss,* 406 Mich 90; 276 NW2d 9 (1979), and *People v Dellabonda,* 265 Mich 486; 251 NW 594 (1933), and affirmed. The prosecutor pursued the issue to the Court of Appeals, and that Court reversed in an unpublished per curiam opinion of May 8, 1980:

"As the magistrate noted, there was evidence tending to negate deliberation, premeditation and the specific intent to kill. Such evidence suggested defendant might have been drunk at the time, that he was angry, jealous and possibly provoked by the decedent. Yet, it seems clear that, on the magistrate's inquiry as to whether a crime had been committed, there was evidence of first-degree murder. *The magistrate's inquiry should have ended at that point and the defendant should have been bound over on the first-degree murder charge.* By weighing defenses and analyzing conflicting evidence, the magistrate exceeded the scope of his responsibilities. This is best illustrated by a [quotation] from *People*

*v Oster,* 67 Mich App 490, 496; 241 NW2d 260 (1976). There, in response to defendant's contention that the element of malice was negated by provocation, we upheld that magistrate's bindover upon an open murder charge, stating:

" 'It must be remembered that it is not the function of the examining magistrate to carefully weigh the evidence and discharge the accused when the evidence conflicts or raises a reasonable doubt of his guilt; such questions should be left for the jury. *People v Medley,* 339 Mich 486; 64 NW2d 708 (1954). The evidence presented at the examination showed that defendant stabbed Goodman with a knife and that Goodman died as a result. This clearly is sufficient to bind defendant over on a second-degree murder charge, as the malice necessary for that charge may be presumed from the use of a deadly weapon to perpetrate the killing. *People v Juniel* [62 Mich App 529; 233 NW2d 635 (1975)], *People v Wright,* 25 Mich App 499; 181 NW2d 649 (1970), *lv den* 384 Mich 804 (1971).

" 'Defendant's argument that the inference of malice was negated by provocation is inapposite. That is not a question for the examining magistrate. Defendant would expand the function of magistrate to trial judge and jury.'

"In accord: *People v Goodchild,* 68 Mich App 226; 242 NW2d 465 (1976), *People v [Bruce] Ramsey,* 89 Mich App 468; 280 NW2d 565 (1979), and *People v Doss, supra.*

"In view of the foregoing, we find that the magistrate exceeded the scope of his powers and thereby abused his discretion. Accordingly, we reverse and remand this cause for trial upon the charge of first-degree murder." (Emphasis added.)

The defendant is now before this Court with an application for leave to appeal.

### III

The examining magistrate's function is to determine whether a crime has been committed and

whether there is probable cause for charging the
defendant with that crime. MCL 766.13; MSA
28.931.

"The magistrate, before whom any person is brought
upon the charge of having committed an offense not
cognizable by a justice of the peace, shall proceed to
examine the complainant and the witnesses in support
of the prosecution, on oath, in the presence of the
prisoner, *in regard to the offense charged, and in regard
to any other matters connected with such charge, which
he may deem pertinent.*—[1871 CL 7855]. And it is only
when it shall appear from such examination that an
offense not cognizable by a justice of the peace has been
committed, and that there is probable cause to believe
the prisoner guilty thereof, that he can be held for trial.
—[1871 CL 7859, 7860]. The clear evident intent of this
statute was, that the magistrate should exercise his best
judgment in the matter; that he should from the testi-
mony determine whether the crime charged in the
warrant had been committed, or where, as in this case,
the offense charged includes one or more of lesser
degree, the magistrate should determine which offense,
if any, had been committed, so that the accused might
not be placed upon trial in the circuit to answer to a
charge different or greater than the one upon which he
had been examined, and to answer which he had been
held for trial." (Emphasis changed.) *Yaner v People,* 34
Mich 286, 288-289 (1876).

The magistrate "must have * * * good reason to
believe appellant guilty of the crime charged".[1]
The magistrate has "the duty to pass judgment not
only on the weight and competency of the evi-
dence, but also the credibility of the witnesses"[2]
and may consider evidence in defense.[3] He or she

---

[1] *Dellabonda, supra,* 265 Mich 490.

[2] *People v Paille #2,* 383 Mich 621, 627; 178 NW2d 465 (1970);
*People v Talley,* 410 Mich 378; 301 NW2d 809 (1981).

[3] See, *e.g., Doss, supra,* suggesting the magistrate may consider the
defense of justification.

should not, however, discharge "when evidence conflicts or raises reasonable doubt of [the defendant's] guilt",[4] since that presents the classic issue for the trier of fact.

Without regard to the defense's evidence of intoxication and provocation, the Court of Appeals found the prosecution had presented evidence on each element of first-degree murder and therefore found an abuse of discretion in the magistrate's failure to bind over on that charge. In so doing, the Court of Appeals too narrowly conceived the scope of the inquiry. The inquiry is not limited to whether the prosecution has presented evidence on each element of the offense. The magistrate is required to make his determination "after an examination of the whole matter".[5] Although the prosecution has presented some evidence on each element, if upon an examination of the whole matter the evidence is insufficient to satisfy the magistrate that the offense charged has been committed and that there is probable cause to believe that the defendant committed it, then he should not bind the defendant over on the offense charged but may bind him over on a lesser offense as to which he is so satisfied.

In the instant case, the magistrate, upon an examination of the whole matter, found that there was sufficient evidence to indicate that the defendant did not intend to take a life and that he had not committed an assault under such circumstances that the natural and usual consequences would be to take a life. He found insufficient reason to believe that the offense of first- or second-degree murder had been committed because,

[4] *Doss, supra,* 406 Mich 103; *People v Medley,* 339 Mich 486; 64 NW2d 708 (1954).

[5] *People v Evans,* 72 Mich 367, 387; 40 NW 473 (1888).

based on the evidence presented, malice and pre-
meditation were lacking. He found that the offense
of manslaughter had been committed and probable
cause to believe that the defendant had committed
it. Our review discloses no abuse of discretion in
the magistrate's refusal to bind over on first- or
second-degree murder.

In lieu of granting leave to appeal, pursuant to
GCR 1963, 853.2(4), we reverse the judgment of the
Court of Appeals and remand the case to Genesee
Circuit Court for further proceedings on the
charge of manslaughter. The people's motion to
direct the Genesee Circuit Court to arraign the
defendant and determine the matter of bond thus
becomes moot and is denied.

KAVANAGH, LEVIN, FITZGERALD, and RYAN, JJ.,
concurred.

BLAIR MOODY, JR., J. *(dissenting)*. I respectfully
dissent from the opinion of the Court. The under-
lying issue presented in this case is whether there
was competent evidence before the magistrate on
which to base a finding that the crime charged,
murder in the first degree, had been committed.
Upon a close review of the preliminary examina-
tion transcript it is clear that there was competent
evidence produced on each element of the crime
charged. The magistrate abused his discretion by
concluding otherwise. Accordingly, I would affirm
the opinion of the Court of Appeals and remand
this matter for trial upon the charge of first-degree
murder.

Under MCL 766.13; MSA 28.931, the magistrate
has the duty to bind a defendant over for trial if it
is found at the conclusion of the preliminary ex-
amination that a felony has been committed and

there is probable cause to believe that the defendant committed it.

In conducting this function, there is no question that the magistrate should consider all testimony in regard to the offense charged and any other pertinent matters connected with such charge. Furthermore, the magistrate should exercise his or her best judgment in the matter and determine whether competent evidence supports the charged crime or some lesser included offense, if any. See *Yaner v People,* 34 Mich 286 (1876).[1]

It is also clear that in determining whether a crime has been committed, a magistrate has the right and duty to pass judgment on the weight and competency of the evidence as well as the credibility of the witnesses. *People v Paille #2,* 383 Mich 621, 627; 178 NW2d 465 (1970). The object of the preliminary examination is not to prove guilt or innocence beyond a reasonable doubt. *People v Doss,* 406 Mich 90, 103; 276 NW2d 9 (1979). However, the test of the sufficiency of evidence produced at a preliminary examination requires that there must be evidence on each element of the crime charged or evidence from which those elements may be inferred. *Doss, supra,* 100-101.

Regarding the requirement of "probable cause", our Court has previously offered direction in *People v Asta,* 337 Mich 590, 609-610; 60 NW2d 472 (1953), as follows:

"The matter of 'probable cause', as the expression is used in the statute, has reference to the connection of

[1] The opinion of the Court quotes a passage from *Yaner.* The *Yaner* Court thereafter also stated:

"We do not desire to be understood that the magistrate must nicely weigh evidence as a petit jury would, or that he must discharge the accused where there is a conflict of evidence, or where there is a reasonable doubt as to his guilt; all such questions should be left for the jury upon the trial." *Yaner, supra,* 289.

the defendants with the alleged offense rather than to the *corpus delicti,* that is, to the fact that the crime charged has been committed by some person or persons."

See also *Doss, supra,* 100; *Paille #2, supra,* 628.

Turning to an assessment of whether the crime charged has been committed, *the basic query is whether competent evidence has been presented on which to base a finding that the crime charged, or some included offense, has been committed.* In *Asta,* where the defendants were charged with the crime of conspiracy, the circuit judge found that there was a "complete lack of such proof". Our Court stated:

"A careful analysis of the proofs offered on the examination impels us to a like conclusion.      .

* * *

"The circuit judge correctly determined that there was no competent evidence taken on the examination to show that the crime charged against defendants had been committed." *Asta, supra,* 610, 614.

Likewise, in *People v Medley,* 339 Mich 486; 64 NW2d 708 (1954), the defendant was bound over after preliminary examination on a charge of assault with intent to kill. The circuit court granted a motion to quash the information on the basis that there was no showing that the defendant intended to kill the victim. This Court reversed, stating:

"The question of what his intention was in so doing may be determined from the evidence produced at the examination.

* * *

"In our opinion there was evidence produced at the

examination on the question." *Medley, supra,* 493. See also *People v Auerbach,* 176 Mich 23, 42; 141 NW 869 (1913).[2]

Finally, with respect to the responsibility of the magistrate, a defendant should not be discharged when the evidence is conflicting or raises reasonable doubt of guilt. Such questions should be left for the jury upon the trial. *Doss, supra,* 103.

In this regard the *Medley* Court approved as "well stated" the following passage from 1 Gillespie, Michigan Criminal Law & Procedure (1st ed), § 224, pp 254-255:

" 'The object of the examination is not to determine guilt or innocence, and it is not as necessary to make strict proof as on the trial. The magistrate does not act judicially in a technical sense. He is not required to nicely weigh the evidence as a petit jury, or to discharge the accused where there is a conflict of evidence, or where there is a reasonable doubt as to his guilt, as all such questions should be left to the jury upon the trial.' " 339 Mich 492.

The opinion of the Court, citing *People v Evans,* 72 Mich 367, 387; 40 NW 473 (1888), emphasizes that the magistrate is required to make his determination "after an examination of the whole matter". This phrase, mentioned in dicta, simply quoted what the statute then required the magis-

---

[2] In *Auerbach,* the Court stated:

"It is urged by respondent's counsel that the court should have dismissed the proceedings and quashed the information before the jury was impaneled, because the preliminary examination, a record of which was before the court, showed that there was no competent evidence introduced before the examining magistrate authorizing him to hold the respondent for trial.

"We have examined the record relating to the examination before the magistrate, and are unable to agree with respondent's counsel that, as a matter of law, we should say there was not sufficient evidence to hold the respondent for trial." *Auerbach, supra,* 42.

trate to do. From this phrase a quantum leap is made by this Court's opinion to conclude that "[t]he inquiry is not limited to whether the prosecution has presented evidence on each element of the offense".

The reference in *Evans* affords no precedential basis upon which to predicate a new rule which permits the magistrate to disregard the fact that competent evidence has been presented on each element of the crime charged. Such a conclusion allows the magistrate inappropriately "to nicely weigh the evidence as a petit jury". The function of a magistrate is not that of a jury. See *People v Weiden*, 239 Mich 169; 214 NW 120 (1927).

With respect to appellate review of a magistrate's determination at a preliminary examination, it is well settled that the standard to be observed is that the decision should not be disturbed unless a clear abuse of discretion is demonstrated. *Doss, supra,* 101; *Medley, supra,* 492-493; *People v Dellabonda,* 265 Mich 486, 491; 251 NW 594 (1933).

In the instant case, the magistrate did not find "sufficient evidence" to bind over the defendant on either first- or second-degree murder. With respect to the first-degree murder charge, the magistrate stated:

"Intoxication, in order to constitute defense to specific intent crimes, in this case only, first-degree murder, must be so complete that the defendant didn't know what he was doing, or if he knew what he was doing, he didn't know why or didn't know that what he was doing was naturally culpable or * * * causing harm alleged to be intended. That's a * * * Court of Appeals case cited *[People v Berryhill,* 8 Mich App 497; 154 NW2d 593 (1967)]. Evidence of intoxication can * * * negate requisite specific intent necessary to sustain defendant's conviction for a crime which requires proof of specific

intent. In this case it would be only relative to the first-degree murder charge. * * * To entirely eliminate voluntary intoxication as a defense to a specific intent crime defendant must while sober have formed the specific intent requisite to commission of the particular crime he is charged with * * * committing, that, to-wit: is the crime charged of first-degree murder, not speaking yet to second-degree murder.

"It is my opinion, after listening to the facts of this case that I do not find sufficient evidence to warrant the charge of first-degree murder."

Turning to the second-degree murder charge, the magistrate related:

"In this particular case, I have difficulty finding that the respondent acted with the intent to take a life. I'll indicate that there is sufficient evidence upon this record to indicate that he did not.

"It is not necessary, as the Court so aptly points out in [People v Raher, 92 Mich 165; 52 NW 625 (1892)], it is not necessary for the prosecution to show that the assaulter extended, entertained a specific intent to kill the person who was injured where it appears that he committed an assault under such circumstances that the natural and usual consequences would be to take a human life.

"I find it extremely difficult, if not impossible, to find that the natural and unusual [sic] consequence of firing that gun through that door in that situation which I listened to testimony for six hours constitutes a natural and usual consequence which could be found in the respondent."

Upon a full evaluation of the record, it is concluded that the magistrate clearly abused his discretion in not binding defendant over as charged. As stated by the Court of Appeals in the instant case:

"As the magistrate noted, there was evidence tending

to negate deliberation, premeditation and the specific intent to kill. Such evidence suggested defendant might have been drunk at the time, that he was angry, jealous and possibly provoked by the decedent. Yet, it seems clear that, on the magistrate's inquiry as to whether a crime had been committed, there was evidence of first-degree murder."

Turning to the included offense of second-degree murder, the magistrate's determination that it was "extremely difficult, if not impossible", to find that the natural and usual consequence of firing a gun through the door under the circumstances would be to take a human life was also an abuse of discretion.

The facts presented to the magistrate demonstrated malice. The actions of the defendant could reflect at a minimum an intent to do great bodily harm or wanton and willful disregard of the likelihood that the natural tendency of his behavior was to cause death or great bodily harm. See *People v Aaron*, 409 Mich 672; 299 NW2d 304 (1980).

Testimony at the preliminary examination revealed that the defendant and decedent had known each other for a substantial period of time. There had been previous antagonism between them. The decedent was living with the defendant's estranged wife. Testimony indicated that the defendant had been drinking liquor for a substantial period of time immediately prior to the shooting. The defendant informed the decedent on the telephone approximately one-half hour before the event that he was going to "blow him away".

Within approximately one-half hour, the defendant drove to the house of his estranged wife where the decedent was staying. He was armed with a loaded .22-caliber pistol. Testimony indi-

cated the pistol was usually kept unloaded. The
defendant, with menacing language, demanded
entry into the house and tried to kick down the
door. The decedent held the door. The defendant
and decedent pushed the door back and forth.
Ultimately, the defendant fired the fatal shot
through the door while the decedent was leaning
against it in an attempt to block the defendant's
entry. The decedent fell to the floor.

Eyewitness testimony indicated that the defen-
dant burst into the house, stomped the decedent
on his shoulder, pointed the gun at him and
stated, in effect, "You got what you wanted". A
struggle ensued while the occupants of the house
attempted to disarm the defendant. During the
fracas, the gun was pointed directly at the stom-
ach of the defendant's wife. A young son of the
defendant broke open the pistol and got the bullets
out. The defendant then turned, stomped on the
face of the decedent, called the decedent a scurri-
lous name and left the home.

There was testimony that the defendant became
mean when he consumed alcohol excessively.
There was also eyewitness testimony that he did
not appear to be "staggering drunk" and that he
"knew what he was doing".

The question in this case is whether there was
competent evidence for the magistrate to base a
finding that the crime of murder, in the first
degree or second degree, had been committed.

In making his determination, the magistrate did
not indicate that he found the eyewitness evidence
either incompetent or without credibility. There
was credible evidence both supporting and negat-
ing the existence of malice, premeditation and
deliberation. The finding that the defendant was so
intoxicated as to negate the requisite elements of

first-degree murder and that the actions of the defendant did not at a minimum constitute a wanton and willful disregard of the likelihood that death or great bodily harm could result, are issues appropriately left to the finder of fact upon trial. Under the facts and circumstances of this case the magistrate clearly abused his discretion.

Thus, I would affirm the opinion of the Court of Appeals and remand this matter for arraignment upon the charge of first-degree murder.

COLEMAN, C.J., concurred with BLAIR MOODY, JR., J.

WILLIAMS, J. *(for remand to the magistrate).* This case reviews a magistrate's action in a preliminary examination. Two questions are involved: first, the proper extent of a magistrate's examination; second, whether the magistrate erred by abuse of discretion.

As to the proper extent of a magistrate's examination, I agree with the per curiam opinion that the magistrate's duty is not only to determine whether the prosecution's evidence established a prima facie case but also whether the defendant's evidence destroyed the prosecution's prima facie case by either contrary evidence as to the primary case or by establishing an affirmative defense. Of course, if the prosecution establishes a prima facie case by its evidence, and if defendant's evidence merely raises a question of fact as to that case or his defense, the case must be bound over to the trial court.

As to whether the magistrate erred by abuse of discretion, I agree with Justice MOODY that in the instant case the magistrate invaded the province of the trial judge and trier of fact as to whether an affirmative defense existed.

In *People v Doss,* 406 Mich 90, 101-103; 276 NW2d 9 (1979), in a unanimous decision, this Court considered whether the magistrate had abused "his discretion in finding that defendant was not justified as a matter of law in taking the life of the decedent". In holding that the magis- trate had not abused his discretion, this Court did two things in the *Doss* case of concern in this case. First, it recognized implicitly that the magistrate had the duty to consider the defendant's right to try to prove self-defense in a preliminary examina- tion. Second, it recognized explicitly that if the case of self-defense was based on conflicting evi- dence, the case was subject to jury trial since the prosecution had otherwise made a prima facie case.

*Doss* therefore supports the instant per curiam opinion's holding that the magistrate must con- sider the defendant's affirmative defense as well as the prosecution's case.

*Doss,* on the other hand, makes clear what both the per curiam opinion and my brother MOODY agree on, and that is that the magistrate has no authority to dismiss a defendant where the prose- cution had made a prima facie case but where the defendant's defense is subject to conflicting evi- dence. In my opinion Justice MOODY has correctly analyzed the testimony and found that defendant's defense was subject to factual conflict.

As a consequence, I would hold that the examin- ing magistrate abused his discretion in dismissing the charges as to first- and second-degree murder. I would further hold that the Court of Appeals erred as a matter of law in ruling that a magistrate is limited to determining whether the prosecutor had established a prima facie affirmative case without considering the defendant's testimony and defen-

ses. I would therefore reverse the Court of Appeals opinion on the law but concur in the reversal of the circuit court's and the magistrate's action. As a consequence, I would remand the matter to the magistrate for arraignment upon the charge of first-degree murder not inconsistent with this opinion.