WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE

Docket No. 56071. Submitted March 3, 1982, at Detroit.—Decided June 23, 1982.

Shirley R. Finney was charged with two counts of involuntary manslaughter arising out of the death, by smoke inhalation, of her two children. The examining magistrate in the Recorder's Court of Detroit, James E. Roberts, J., refused to bind her over for trial. The Wayne County Prosecutor then brought a complaint for superintending control in the Wayne Circuit Court. The circuit court, Richard D. Dunn, J., affirmed the magistrate's decision and dismissed the complaint for superintending control. The prosecutor appeals from the circuit court's order alleging that the magistrate abused his discretion in refusing to bind Finney over for trial. *Held:*

1. The magistrate's refusal to bind Finney over for trial constituted an abuse of discretion.

2. The Legislature intended to include grossly negligent conduct such as Finney's, when it results in the loss of a person's life, within the definition of manslaughter. Finney, who had previously observed her children playing with matches, left the children locked in a room containing matches for over two hours. Such conduct was not mere "bad judgment" as characterized by the magistrate, rather, there is probable cause to believe such conduct was gross negligence which caused the children's death. There is probable cause to believe that this tragedy was a reasonably foreseeable consequence of Finney's conduct.

Reversed and remanded.

BEASLEY, J., dissented. He would not find that the magistrate abused his discretion. He would find no occasion to substitute the Court of Appeals judgment on the facts for that of the magistrate. He would affirm.

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide § 88 *et seq.*

[2] 21 Am Jur 2d, Criminal Law § 132.

[3] 4 Am Jur 2d, Appeal and Error § 18.
   21 Am Jur 2d, Criminal Law § 359.

OPINION OF THE COURT

1. HOMICIDE — INVOLUNTARY MANSLAUGHTER.

A conviction of involuntary manslaughter may be predicated upon an omission to perform a legal duty where such omission amounts to gross negligence and where the death is a reasonably foreseeable consequence of the omission.

2. CRIMINAL LAW — PARENT AND CHILD — GROSS NEGLIGENCE.

A parent's confinement of her children to the children's room during her two-hour absence from the house, during which time the children are killed by a fire which they started while playing with matches, is gross negligence causing the children's death which is a reasonably foreseeable consequence of the parent's conduct where the parent had previously observed the children playing with matches and nevertheless left them locked in the room containing matches.

DISSENT BY BEASLEY, J.

3. CRIMINAL LAW — APPEAL.

*The Court of Appeals should not substitute its judgment on the facts for that of an examining magistrate unless there has been an abuse of discretion.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Alphonso R. Harper* (by *Alexis Beck),* for the Recorder's Court Judge.

*Thomas M. Costello, Jr.,* for Shirley Finney.

Before: R. M. MAHER, P.J., and BEASLEY and P. J. MARUTIAK,* JJ.

PER CURIAM. Shirley Rochelle Finney was charged in the Recorder's Court of Detroit with two counts of involuntary manslaughter, MCL 750.321; MSA 28.553, arising out of the death, by

* Circuit judge, sitting on the Court of Appeals by assignment.

smoke inhalation, of her two children. The examining magistrate refused to bind her over for trial. The Wayne County Prosecutor then brought a complaint for superintending control in the Wayne Circuit Court. The circuit court affirmed the magistrate's decision and dismissed the complaint for superintending control. The prosecutor appeals from the circuit court's order.

We must determine whether the magistrate abused his discretion in refusing to bind Finney over for trial. The evidence presented by the prosecution at the preliminary hearing tended to tell the following story:

On May 9, 1980, at 5 p.m., Finney and her two children, three-year-old Cymberline and two-year-old LaVarr, were at their apartment in Detroit. Two other individuals—William Pollard and Steven Cooper—were also present. Finney decided to go to the store to buy lottery tickets. She closed the door of the bedroom in which her children were playing and jammed it shut with a rag because she did not want her children to get out and roam about while she was away. Finney then left her apartment; the two men left shortly thereafter. Neither of the men had agreed to stay with the children.

A man named Willie gave Finney a ride to the store in his car. After they returned to the vicinity of the apartment, they sat in the car and chatted for about an hour. Then, they went to a White Castle restaurant.

Finney smelled smoke when she returned to her apartment. When she reached the bedroom door, she was driven back by the smoke, and left the apartment. Meanwhile, someone had called the fire department.

The first fire fighter who entered the apartment

found the bedroom door open. The bed had burned down to the springs, and the two little children lay dead upon the floor.

The fire department apparently felt that the children had started the fire by playing with matches. Finney had seen her children playing with matches before, and there were matches in the bedroom. Finney was away from the apartment for more than two hours.

We sympathize with the magistrate who, after considerable reflection, could not bring himself to bind Finney over for trial.[1] Nevertheless, we can-

---

[1] The magistrate made the following statements before issuing his ruling:

"I'll tell you, I have problems with this case, be very candid with you. I don't know whether I will bind it over or not. I think any mother that loses two children is punishment enough.

* * *

*"The Court:* You've got two children who had a right to live and they're dead, and I think I can understand—I think the door would just swing open voluntarily and you couldn't close it. You put a rag in there to keep it closed because it didn't have the—I don't think operating the handle would have done a bit of good. If you had sufficient weight, it would have opened. I've seen too many of them.

"Get a mother who goes out here and play her lottery figures, hoping to relieve some of the financial misery that goes along with just being poor.

"Bad judgment? Yes. Criminal? I don't know. Sitting out here talking with somebody. She could have been up there watching her children but she puts a rag in the door because she's afraid of children running into some fire, and that's the very thing they run into that the room's closed off with. I think they were playing with matches or the bedding wouldn't have been burned.

* * *

"I'm just suggesting to you that there's a fine line, it seems to me, between the kind of negligence as I understand that's required and just bad judgment. And to charge somebody with manslaughter—now, in the case that was cited, with just what I've heard without reading the case, when a parent will not feed a child adequately, when a parent will not provide a child with proper heating facilities, with proper clothing, then obviously they don't care. But when children are otherwise well-attended to and well-cared for and—one thing is missing, and that's the tendency of children to be exploring. They go around lighting matches; we know that.

"It's unfortunate, but I just have a problem saying that she's guilty,

not agree that the Legislature did not intend to include such conduct, when it results in the loss of a person's life, within the definition of manslaughter.

In *People v Ogg*, 26 Mich App 372; 182 NW2d 570 (1970), this Court upheld a *conviction* of involuntary manslaughter based upon a similar failure to perform a legal duty: the supervision and care of children in the defendant's custody. We find, however, that Judge DANHOF's dissent in *Ogg* represents the better view. According to the dissent, mere negligence will not support a manslaughter conviction; rather, gross negligence is required. Judge DANHOF concluded that reversal was required inasmuch as the fire that killed the defendant's children was not reasonably foreseeable.

Although we agree with the *Ogg* dissent, we find the instant case readily distinguishable. Finney, who had previously observed her children playing with matches, left the children locked in a room containing matches for over two hours. We cannot characterize Finney's conduct as mere "bad judgment", as did the magistrate. Rather, we find probable cause that Finney was guilty of gross negligence, and that her negligence caused the death of her children. Moreover, in contrast to the situation in *Ogg,* we find probable cause to believe that this tragedy was a reasonably foreseeable consequence of Finney's conduct.

In *People v King,* 412 Mich 145; 312 NW2d 629 (1981), the Supreme Court indicated that a magistrate's refusal to bind over a defendant for a particular offense, where the prosecution has presented evidence on each element of the offense,

and I'm going to have to read the cases. If they're on all fours, then I'll do what the law requires me to do. If not—."

does not necessarily amount to an abuse of discretion. Even under *King,* we are convinced that in the instant case the magistrate's refusal to bind Finney over for trial constituted an abuse of discretion. The magistrate's decision was not based upon his assessment of the credibility of crucial witnesses or of Finney's state of mind. Rather, the magistrate simply felt that the undisputed facts did not make out a case of involuntary manslaughter. As we have indicated, we cannot agree.

We hold that the magistrate abused his discretion in declining to bind Finney over for trial.

Reversed and remanded. We do not retain jurisdiction.

BEASLEY, J. *(dissenting).* I respectfully dissent. I would not find an abuse of discretion in the refusal of the Recorder's Court Judge sitting as the magistrate to bind defendant, Shirley Finney, over for trial. There is no occasion to substitute our judgment on the facts for that of the magistrate.[1]

I would affirm.

---

[1] *People v Ogg,* 26 Mich App 372, 379; 182 NW2d 570 (1970), *People v King,* 412 Mich 145; 312 NW2d 629 (1981).