DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v TAPP

Docket No. 70942. Submitted May 4, 1983, at Lansing.—Decided December 20, 1983.

Cedric Tapp was injured in 1973 while riding as a passenger in his own automobile, which was uninsured at the time. The driver of Tapp's auto, Eddie Jenkins, owned a vehicle insured by Detroit Automobile Inter-Insurance Exchange under a policy which included uninsured motorist coverage. The other car involved in the accident was also uninsured. Tapp was neither related to nor lived in the same household as Jenkins. Both Tapp and Jenkins filed demands for arbitration, claiming benefits under the uninsured motorist provisions of Jenkins' policy. The arbitration panel awarded $3,000 to Jenkins and $7,000 to Tapp. DAIIE brought an action in Wayne Circuit Court to vacate the arbitration award with respect to Cedric Tapp. The court, Susan D. Borman, J., denied the plaintiff's motion to vacate the award. Plaintiff appealed and the Court of Appeals affirmed in an unpublished per curiam opinion. Plaintiff applied for leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of recent Supreme Court decisions, 417 Mich 962 (1983). On remand, *held:*

The trial court did not err in denying plaintiff's motion to vacate the arbitration award to Tapp where, under the terms of Jenkins' insurance policy, an owner of an automobile who had given permission to an insured to drive the automobile could be considered a "guest" should he remain in the car while the insured drove.

Affirmed.

1. ARBITRATION — APPEAL.

An appellate court has the power to set aside an arbitration award if the arbitrators, through an error in law, have been led

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arbitration and Award § 170.

[2] 7 Am Jur 2d, Automobile Insurance §§ 127, 318 *et seq.*

to a wrong conclusion and, but for such error, a substantially different award must have been made.

2. INSURANCE — AUTOMOBILES — UNINSURED MOTORISTS.

> A trial court did not err in denying an insurer's motion to vacate an arbitration award to an injured uninsured automobile owner where, under the terms of the insurance policy of the driver of the car, an owner of an automobile who had given permission to an insured to drive the automobile could be considered a "guest" should he remain in the car while the insured drove.

*Dickinson, Pike, Mourad, Brandt & Hanlon* (by *Walter F. Finan, Jr.),* and *Gromek, Bendure & Thomas* (by *James G. Gross),* of counsel, for plaintiff.

Before: DANHOF, C.J., and T. M. BURNS and R. M. MAHER, JJ.

PER CURIAM. On July 16, 1979, the trial court denied plaintiff's motion to vacate an arbitration award of $7,000 to defendant. This Court affirmed the trial court's decision in an unpublished per curiam opinion (No. 46520, released February 6, 1981). On April 20, 1983, the Supreme Court remanded the case to this Court "for reconsideration in light of *Detroit Automobile Inter-Ins Exchange v Gavin* [416 Mich 407; 331 NW2d 418 (1982)]". 417 Mich 962 (1983).

The relevant facts are found in this Court's first opinion:

> "On September 16, 1973, Eddie Jenkins was driving an automobile owned by defendant Cedric Tapp, who was a passenger in the car. The defendant had no insurance coverage on his automobile. The defendant was neither related to Jenkins nor did he live in the same household. The defendant's automobile was struck by another uninsured vehicle. At the time of the accident, Jenkins owned his own automobile which was

insured by plaintiff DAIIE under a policy which included uninsured motorist coverage."

*Gavin, supra,* 416 Mich 443, ruled that an appellate court has the power to set aside an arbitration award if "the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made". Plaintiff argues that the arbitrators in the present case erred by concluding that defendant was an "insured" under its policy with Jenkins.

We disagree. Under "Section II—Family and Guest Protection", plaintiff is required

"[t]o pay all reasonable expenses * * *:

"Part (1) To or for each person who sustains bodily injury, caused by accident, while occupying an automobile with respect to the use of which, at the time of the accident, insurance would be afforded under Section I of this policy."

In Section I, insurance would be afforded "to a non-owned automobile used with the permission of any person having the right to grant it". Reading these two sections together, an owner of an automobile who had given permission to an insured to drive the automobile could be considered a "guest" should he remain in the car while the insured drove.

This conclusion is supported by the exclusions listed under "Family and Guest Protection":

"This policy does not apply under Medical Payments Coverage to bodily injury:

"(a) sustained while occupying any vehicle while located for use as a residence or premises;

"(b) sustained by the named insured or relative while occupying or through being struck by (1) a vehicle

operated on rails or crawler treads, or (2) a vehicle designed primarily for use off the public roads, while not upon the public roads;

"(c) *to any person other than the named insured or relative, resulting from the use of (1) a non-owned automobile in the automobile sales or service business, or (2) a non-owned automobile in any other business or occupation except operation or occupancy of a private passenger automobile by the named insured or operated by his private chauffeur or domestic servant;*

"(d) to any person who is employed in the automobile sales or service business, if the accident arises out of the operation thereof and benefits therefor are paid or payable under any workmen's compensation law, except, that this exclusion shall not apply to bodily injury sustained by the named insured or relative resulting from the operation or occupancy of an owned automobile in the automobile sales or service business;

"(e) to any employee of an insured arising out of and in the course of (1) domestic employment if benefits therefor are payable under any workmen's compensation law, or (2) other employment for the insured;

"(f) sustained by a relative who is a member of the armed forces of any government but this exclusion does not apply to Part (1);

"(g) due to war;

"(h) due to nuclear reaction or nuclear radiation or radioactive contamination;

"(i) sustained while occupying any automobile operated in any prearranged race or speed contest." (Emphasis supplied.)

The emphasized language indicates that even though plaintiff contemplated the possibility of the guest provisions applying to a situation involving a nonowned automobile, plaintiff saw fit to exclude only a certain category of guests (*i.e.,* automobile salespersons).

Uninsured motorist provisions must be coextensive with the liability provisions. *Pappas v Central National Ins Group of Omaha,* 400 Mich 475; 255

NW2d 629 (1977). The primary purpose of this requirement is "to reduce claims against the motor vehicle accident claims fund". 400 Mich 480. We believe that that purpose would also be served by including guest provision coverage as well, an interpretation which the arbitrator apparently adopted.

Affirmed.