DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v TAPP
(ON REHEARING)

Docket No. 70942. Submitted May 4, 1983, at Lansing.—Decided
August 7, 1984. Leave to appeal applied for.

Cedric Tapp was injured in 1973 while riding as a passenger in
his own automobile, which was uninsured at the time. The
driver of Tapp's auto, Eddie Jenkins, owned a vehicle insured
by Detroit Automobile Inter-Insurance Exchange under a policy
which included uninsured motorist coverage. The other car
involved in the accident was also uninsured. Tapp was neither
related to nor lived in the same household as Jenkins. Both
Tapp and Jenkins filed demands for arbitration, claiming bene-
fits under the uninsured motorist provisions of Jenkins' policy.
The arbitration panel awarded $3,000 to Jenkins and $7,000 to
Tapp. DAIIE brought an action in Wayne Circuit Court to
vacate the arbitration award with respect to Cedric Tapp. The
court, Susan D. Borman, J., denied the plaintiff's motion to
vacate the award. Plaintiff appealed and the Court of Appeals
affirmed in an unpublished per curiam opinion. Plaintiff ap-
plied for leave to appeal to the Supreme Court. The Supreme
Court, in lieu of granting leave to appeal, vacated the judgment
of the Court of Appeals and remanded the case to the Court of
Appeals for reconsideration in light of recent Supreme Court
decisions, 417 Mich 962 (1983). On remand, the Court of Ap-
peals held that the trial court did not err in denying DAIIE's
request to vacate the arbitration because Tapp could have been
considered to be a "guest" under the terms of the insurance
policy, 131 Mich App 308 (1983). An application for rehearing
was made by DAIIE and granted by the Court of Appeals. Now
held:

Tapp did not fall within the policy's liability coverage. While

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 34, 314, 351, 354.
Who is "member" or "resident" of same "family" or "household,"
within no-fault or uninsured motorist provisions of motor vehicle
insurance policy. 96 ALR3d 804.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

he might have been covered by the guest protection coverage of the policy, by its terms the guest protection portion of the policy did not extend uninsured motorist coverage to guests, and there is no statutory requirement that an insurance policy provide guest protection coextensive with its uninsured motorist protection. Tapp is not entitled to coverage under the terms of the policy and the laws of the State of Michigan.

Reversed.

T. M. BURNS, J., dissented. He would hold that the case was properly decided on remand and that public policy considerations require that guest protection coverage be held to be coextensive with the uninsured motorist provision unless the insurance policy specifically provides otherwise. He would affirm.

OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — FAMILY PROTECTION — GUEST PROTECTION — UNINSURED MOTORIST COVERAGE.

There is no requirement in law that family and guest protection offered in a no-fault policy be coextensive with the uninsured motorist coverage in the same policy.

DISSENT BY T. M. BURNS, J.

2. INSURANCE — NO-FAULT INSURANCE — FAMILY PROTECTION — GUEST PROTECTION — UNINSURED MOTORIST COVERAGE.

*Family and guest protection in a no-fault policy should be construed to be coextensive with the uninsured motorist coverage in the absence of specific policy language to the contrary.*

*Dickinson, Pike, Mourad, Brandt & Hanlon* (by *Walter F. Finan, Jr.),* and *Gromek, Bendure & Thomas* (by *James G. Gross),* of counsel, for plaintiff.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Robert B. Webster),* for defendant.

ON REHEARING

Before: DANHOF, C.J., and T. M. BURNS and R. M. MAHER, JJ.

PER CURIAM. On December 20, 1983, this Court held that plaintiff was liable to defendant under the uninsured motorist provision of an automobile insurance policy issued by plaintiff. *DAIIE v Tapp,* 131 Mich App 308; 346 NW2d 99 (1983). After reconsideration, we have granted rehearing in this matter and now conclude that plaintiff is not liable to defendant.

The history and facts of this case were recounted in our original opinion. Briefly, the facts are as follow.

On September 16, 1973, Eddie Jenkins was driving an automobile owned by defendant Cedric Tapp, who was a passenger in the car. The defendant had no insurance coverage on his automobile. The defendant was neither related to Jenkins nor did he live in the same household. The defendant's automobile was struck by another uninsured vehicle. At the time of the accident, Jenkins owned his own automobile which was insured by plaintiff, DAIIE, under a policy which included uninsured motorist coverage.

Both Jenkins and defendant sought uninsured motorist coverage from plaintiff under Jenkins' policy. The case went to arbitration and resulted in an award for Jenkins and a $7,000 award to defendant. Plaintiff moved in the circuit court to vacate the award, but the motion was denied. This Court then affirmed the circuit court's decision in an unpublished per curiam opinion (No. 46520, released February 6, 1981) on the ground that this Court was without the authority to set aside the arbitration award. On April 20, 1983, the Supreme Court remanded the case to this Court "for reconsideration in light of *Detroit Automobile Inter-Ins Exchange v Gavin* [416 Mich 407; 331 NW2d 418 (1982)]". 417 Mich 962 (1983). We then issued our

December 20, 1983, opinion. The issue then, as now, was whether or not the arbitrators had erred by concluding that defendant was an "insured" under plaintiff's policy with Jenkins. At that time, we concluded that the arbitrators had not erred because it was possible to read the "Liability" section of the policy in conjunction with an optional coverage section, "Family and Guest Protection", to provide that an owner of an automobile who had given permission to an insured to drive the automobile could be considered a "guest" should he remain in the car while the insured drove. Although this alone did not provide for uninsured motorist coverage for defendant under the "Uninsured Motorists Coverage" section of the policy, we concluded that such coverage could have been found by the arbitrators under the authority of the Supreme Court's decision in *Pappas v Central National Ins Group of Omaha,* 400 Mich 475; 255 NW2d 629 (1977). In *Pappas,* the Supreme Court held that uninsured motorist provisions of a policy issued under the then-existing MCL 500.3010; MSA 24.13010[1] must be coextensive with the liability provisions.[2]

After reconsideration, we find that we were in error in interpreting both the individual insurance

---

[1] MCL 500.3010; MSA 24.13010 was repealed by 1972 PA 345, effective October 1, 1973. Its provisions apply in this case because the accident occurred on September 16, 1973.

[2] Defendant was not otherwise entitled to uninsured motorist coverage under the express terms of the policy. Uninsured motorist coverage was extended only to persons "insured" under the policy. "Insured" was defined as "the individual insured named first in Item 1 of the Declaration Certificate, and, while residents of the same household of such individual, the spouse and relatives of either, and any other person while occupying the *owned* automobile provided the actual use thereof is by or with permission of such individual insured so named or spouse so described". (Emphasis added.) Defendant's car was not an "owned" automobile under these terms and therefore defendant was not expressly entitled to the uninsured motorist coverage.

policy and the Supreme Court's opinion in *Pappas.*
Jenkins' policy with plaintiff provided as follows:

"Persons Insured
"The following are insureds under Section I [Liability
Protection]:

\*    \*    \*

"(b) with respect to a non-owned automobile used
with the permission of any person having the right to
grant it, and providing the automobile described in the
Declaration Certificate is a private passenger or utility
automobile,
"(1) the named insured, if an individual, and
"(2) any relative, provided such relative or his spouse
does not own a private passenger or utility automobile;
"(c) with respect to any automobile or trailer, any
other person or organization,
"(1) who is legally responsible for the use thereof, and
"(2) who, except with respect to a temporary substi-
tute automobile, does not own or hire such automobile
or trailer and provided
"(3) the actual use thereof is by a person who is
insured under (a) [with respect to the owned automo-
bile] or (b) above."

These terms were defined under "Section I—Lia-
bility Protection" as follows:

"(a) 'named insured' means the person or persons
named in Item I of the Declaration Certificate, and if
an individual, includes the spouse, if a resident of the
same household; provided, with respect to a non-owned
automobile, if two or more named insureds are individ-
uals, 'named insured' means the individual, and spouse
so described, named first therein

\*    \*    \*

"(i) 'non-owned automobile' means any automobile or
trailer, other than a temporary substitute automobile,
not owned by, furnished or available for the frequent or

regular use of the named insured, relative or other resident of the same household of such named insured".

Under these provisions, it is clear that defendant did not fall within the policy's liability coverage. Defendant was neither related to Jenkins nor did he live in the same household. Defendant may have been entitled to the optional "Family and Guest Protection" coverage under the analysis adopted by us in our earlier opinion but, if so, this enlarged coverage applied only to that particular section. The provisions of the liability section did not by themselves apply to defendant. We therefore erred by incorporating the provisions of the separate section into the provisions of the liability section so as to broaden the extent of liability agreed upon by the contracting parties.

This Court also erred by applying the Supreme Court's decision in *Pappas* to further extend the liability coverage under the uninsured motorist provision of the policy beyond that which was agreed upon by Jenkins and plaintiff. In *Pappas,* the Supreme Court broadened the extent of the uninsured motorist coverage available beyond that expressly provided for in the insurance policy at issue to provide uninsured motorist coverage to the plaintiff. This decision was directly based on three determinations. The first was a legal determination that, under MCL 500.3010; MSA 24.13010 as it then read, the uninsured motorist coverage provided by an insurance policy must be provided to the same persons included as insureds in the liability portion of the policy. The second determination was a finding that the specific insurance policy involved did not meet this legal requirement because it extended uninsured motorist coverage to a narrower class of "insureds" than were covered under the liability portion of the

policy. Finally, the Supreme Court found that the individual plaintiff fit within the definition of "insured" provided by the liability coverage, although he did not fit within the narrower class of "insureds" covered by the uninsured motorist provision of the policy. Under these circumstances, the Supreme Court in effect rewrote the uninsured motorist provision of the policy so that its coverage was coextensive with the coverage of the liability provision.

In this case, as stated earlier, defendant is not included within the class of "insureds" covered by the liability provision, nor is he included within the class of "insureds" covered by the uninsured motorist provision. Defendant is only arguably within the coverage of the "Family and Guest Protection" section of the policy. *Pappas* is therefore inapplicable to this case. Not only is the third determination made by the Supreme Court in *Pappas* nonexistent in this case, but there is no statutory requirement that an insurance policy provide "Family and Guest Protection" coextensive with its uninsured motorist protection. We therefore erred in applying *Pappas* to the policy at issue in this case.

Because defendant is not included within the class of insureds protected by the "Uninsured Motorists Coverage" portion of the policy, and because defendant is not otherwise entitled to such coverage under the terms of the policy and the law of this state, we hold that the circuit court erred by affirming the arbitration award in favor of defendant. The arbitration award was based on an error in law which led the arbitrators to a wrong conclusion. *DAIIE v Gavin, supra.* We therefore reverse.

T. M. BURNS, J. *(dissenting).* I would not grant

rehearing in this cause because I believe our previous opinion, published at 131 Mich App 308 (1983), correctly analyzes this dispute. In that opinion this panel found that defendant fit within the family and guest protection provision of the insurance policy in question. This panel held:

"Uninsured motorist provisions must be coextensive with the liability provisions. *Pappas v Central National Ins Group of Omaha,* 400 Mich 475; 255 NW2d 629 (1977). The primary purpose of this requirement is 'to reduce claims against the motor vehicle accident claims fund'. 400 Mich 480. We believe that the purpose would also be served by including guest provision coverage as well, an interpretation which the arbitrator apparently adopted." 131 Mich App 311-312.

I do not agree with the majority which now holds that the Supreme Court's decision in *Pappas, supra,* is strictly limited to its factual situation and policy considerations behind that decision should be ignored. In *Pappas,* the Supreme Court held that the uninsured motorist provision must be at least coextensive with the policy's liability provision. In *Pappas,* the Court noted a very important policy reason for extending liability under the uninsured motorist provision. I believe that the majority now errs in interpreting *Pappas* as holding that an uninsured motorist provision cannot be extended beyond a liability provision.

In our previous opinion we correctly noted that the policy involved in the instant case would allow for an interpretation that the family and guest protection provision was coextensive with the uninsured motorist provision. While plaintiff set forth exclusions in the policy, it failed to exclude coverage under the accident and guest protection provisions for accidents involving uninsured mo-

torists. Considering that family and guest protection coverage is optional, I feel that it would be more fair to hold that it is generally coextensive with an uninsured motorist provision unless the insurer specifically states otherwise in the policy. The majority's current interpretation of the policy severely restricts this provision's coverage without giving any warning to the insured.

For these reasons, I believe we correctly affirmed the circuit court's order in our decision published at 131 Mich App 308. Accordingly, I would not grant rehearing and reverse our decision.