## PEOPLE v WHITTAKER

Docket No. 124799. Submitted November 7, 1990, at Grand Rapids. Decided January 22, 1991, at 9:35 A.M. Leave to appeal sought.

Michael A. Whittaker was charged with possession with intent to deliver less than fifty grams of a mixture containing cocaine. After a preliminary examination, the magistrate bound the defendant over to the circuit court for trial. The defendant moved in the Calhoun Circuit Court to suppress the evidence and to quash the information. The judge, Stephen B. Miller, denied the motion to suppress, but granted the motion to quash, and dismissed the case. The people appealed, and the defendant cross appealed.

The Court of Appeals *held:*

1. The circuit court erred in finding that the magistrate abused his discretion in binding the defendant over for trial and in finding that there was not probable cause for charging the defendant with the crime, requiring reversal. Reasonable doubt may exist regarding whether the defendant knowingly possessed the cocaine with the intent to deliver, but that is an issue for the trier of fact.

2. The circuit court also erred in deciding the motion to suppress solely on the basis of the preliminary examination transcript, requiring remand to the circuit court for an evidentiary hearing regarding the motion to suppress.

Reversed in part and remanded.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — MAGISTRATES.

An examining magistrate's function is to determine whether a crime has been committed and whether there is probable cause for charging the defendant with that crime; the magistrate must have good reason to believe that the defendant is guilty of the crime charged, but should not discharge where the evidence conflicts or raises reasonable doubt regarding the defendant's guilt, that being an issue for the trier of fact.

REFERENCES

Am Jur 2d, Criminal Law §§ 418, 419; Evidence §§ 425, 426.

See the Index to Annotations under Criminal Procedure Rules; Exclusion and Suppression of Evidence; Preliminary or Pretrial Matters; Search and Seizure.

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — REVIEW BY TRIAL COURT.

A trial court, in reviewing the decision of a magistrate to bind over an accused for trial, may not properly substitute its judgment for that of the magistrate, but may reverse the magistrate's decision only if it appears on the record that there has been an abuse of discretion; in order to have such an abuse, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.

3. SEARCHES AND SEIZURES — EVIDENCE — SUPPRESSION — PRELIMINARY EXAMINATION TRANSCRIPTS.

A trial court properly cannot decide whether evidence obtained in a contested search or seizure should be suppressed without a full evidentiary hearing; the court must not place exclusive reliance on the preliminary examination transcript in determining the legality of a contested search or seizure.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *James B. Jenkins,* Assistant Prosecuting Attorney, for the people.

*Plaszczak & Bauhof, P.C.* (by *James F. Bauhof*), for the defendant.

Before: NEFF, P.J., and MAHER and HOOD, JJ.

NEFF, P.J. Defendant was charged with possession with intent to deliver less than fifty grams of a mixture containing cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). After the preliminary examination, the magistrate bound defendant over on the crime charged. Defendant moved in the circuit court to suppress the evidence and to quash the information. The circuit judge entered an order denying defendant's motion to suppress, granting defendant's motion to quash, and dismissing the case. The prosecutor appeals as of right, and the defendant cross appeals. We reverse in

part, and remand for further proceedings consistent with this opinion.

I

Officer James Dwayne Hampton of the Battle Creek Police Department testified at the preliminary examination that, on May 6, 1989, he observed a blue Jeep Cherokee and a brown and gold Pontiac "in close proximity" to each other. He originally observed the vehicles at an intersection in Battle Creek. Hampton followed the vehicles, and eventually stopped the Pontiac to question the three occupants regarding a call that shots had been fired in the general area.

At the time Hampton stopped the Pontiac, the Jeep was approximately one block away. Hampton observed defendant in the passenger seat of the Jeep near the area where the Pontiac was stopped. Hampton had arrested defendant on another charge approximately six months earlier. At the time defendant was previously arrested by Hampton, he was driving the Pontiac and produced a registration for it which showed that it was registered in defendant's name.

Officer David Draper of the Battle Creek Police Department assisted Hampton when he stopped the Pontiac. Draper searched the interior of the vehicle and, after finding a handgun under the seat, obtained keys from the driver so that he could check the trunk. Draper was unable to open the trunk with any of the keys. He obtained the ignition key from the driver, but not the trunk key. Draper was present when the trunk was eventually opened by Officer David Adams of the Battle Creek Police Department. Draper also had observed defendant in the Jeep at the time both vehicles had been stopped.

Officer Adams testified that Hampton stopped a gold Pontiac on May 6, 1989, and that, when defendant went by as a passenger in the Jeep a few minutes after the Pontiac was stopped, he spoke with defendant about that car. Adams asked defendant if he still owned the Pontiac, and defendant replied that he did. Adams told defendant that they were searching the vehicle and could not find the keys to open the trunk. He asked defendant if he had a key, and defendant replied that he did. Defendant had another person bring his keys to him from the Jeep. Defendant then unlocked the trunk of the Pontiac himself.

In response to the prosecutor's question whether defendant gave Adams permission to search the trunk, Adams responded: "He unlocked it. I didn't ask him for permission. We already had an arrest out of the vehicle."

The items found in the trunk of the Pontiac were: one handgun, a black leather pouch which contained two different types of ammunition for a different caliber weapon, a plastic bag that contained nineteen rocks of crack cocaine, and a pair of black jeans which contained an additional rock of crack cocaine in a small resealable plastic bag in a pocket.

Adams stated that he did not know who put the items in the trunk or how long they had been in the trunk. Defendant never indicated to Adams that he owned or had anything to do with the items found in the trunk or the handgun found underneath the seat. Adams admitted that the gun found under the seat and the items found in the trunk could have belonged to the three people who were in the Pontiac at the time it was stopped.

The magistrate bound defendant over for trial, although he stated that it was a close question

whether there was probable cause to believe that defendant committed the crime.

## II

On appeal, the prosecutor claims that the magistrate did not abuse his discretion in binding defendant over for trial, and that the circuit judge erred in substituting his judgment for that of the magistrate and in granting defendant's motion to quash on the basis that the probable cause standard had not been met. We agree.

The function of the examining magistrate is to determine whether a crime has been committed and whether there is probable cause for charging the defendant with that crime. *People v King,* 412 Mich 145, 152-153; 312 NW2d 629 (1981). The magistrate must have good reason to believe the defendant is guilty of the crime charged, *People v Dellabonda,* 265 Mich 486, 490; 251 NW 594 (1933), but should not discharge when the evidence conflicts or raises reasonable doubt regarding the defendant's guilt, since that is an issue for the trier of fact. *King, supra,* pp 153-154.

In *Dellabonda, supra,* p 490, our Supreme Court stated:

> To authorize the examining magistrate to bind appellant over for trial there must have been good reason to believe appellant guilty of the crime charged. Some cases hold a prima facie case against the accused must be made out. This court has not defined what constitutes probable cause, leaving each case to be determined upon its facts. Bouvier defines probable cause as, "A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that a person accused is guilty of the offense with which he is charged." 3 Bouvier's Law Dictionary (Rawle's 3d Rev), p 2728.

In *People v Talley,* 410 Mich 378, 385-387; 301 NW2d 809 (1981), our Supreme Court stated:

> In reviewing the decision of a magistrate to bind over an accused person, the trial court may not properly substitute its judgment for that of the magistrate, but may reverse a magistrate's decision only if it appears on the record that there has been an abuse of discretion. *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 121; 215 NW2d 145 (1974); *People v Dellabonda,* 265 Mich 486, 491; 251 NW 594 (1933). In *Dellabonda,* this Court stated:
>
> "Primarily the question of probable cause is for the consideration of and determination by the examining magistrate. This Court may not agree with the findings of such magistrate but it has no right to substitute its judgment for his except in case of a clear abuse of discretion."
>
> Part and parcel of the magistrate's function of determining whether an offense has been committed and whether probable cause exists for charging the defendant therewith is the duty of passing judgment on the credibility of witnesses. *People v Paille No 2,* 383 Mich 621, 627; 178 NW2d 465 (1970); *People v Karcher,* 322 Mich 158, 164; 33 NW2d 744 (1948). This was emphasized in *Paille No 2,* where this Court said:
>
> "[T]he magistrate had not only the right but, also, the duty to pass judgment not only on the weight and competency of the evidence, but also the credibility of the witnesses.
>
> "We have often commented upon the fact that the judge who hears the testimony has the distinct advantage over the appellate judge, who must form judgment solely from the printed words."
>
> Our task in assessing the trial court's decision to quash the information is to determine whether or not there has been an abuse of discretion on the part of the examining magistrate because, as observed above, a reviewing trial court may only substitute its judgment for that of the examining

magistrate where there has been such an abuse. Our standard for review, furthermore, in testing for an abuse of discretion is a narrow one. The classic description of this standard, first articulated in *Spalding v Spalding*, 355 Mich 382, 384-385; 94 NW2d 810 (1959) (a modification of a divorce decree case) and later given a somewhat stricter interpretation in the criminal context by this Court in *People v Charles O Williams*, 386 Mich 565, 573; 194 NW2d 337 (1972), reads as follows:

"Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."

We agree with the prosecutor that the circuit court erred in finding that the magistrate abused his discretion in binding defendant over for trial and in finding that the probable cause standard had not been met.

A reasonable doubt may exist regarding whether, under the circumstances of this case, defendant knowingly possessed the cocaine with the intent to deliver, but that is an issue for the trier of fact. We therefore reverse the order of the circuit court granting defendant's motion to quash and dismissing the case.

III

Defendant cross appeals, claiming that the cir-

cuit court erred when it decided the motion to suppress solely on the basis of the testimony from the preliminary examination. We agree.

In *Talley, supra,* p 382, our Supreme Court specifically disapproved of the practice of relying exclusively on preliminary examination transcripts in conducting suppression hearings. Our Supreme Court further stated:

> Even had the trial court chosen to give express consideration to the constitutionality of the seizure, it could not properly have decided whether or not the evidence should have been suppressed without a full evidentiary hearing—listening to witnesses and judging other evidence—to determine whether or not the seizing officer had probable cause to seize the evidence. Since the trial court did not have such a full evidentiary hearing it would have no way of knowing whether the facts in the case authorized or did not authorize the officer to seize the evidence. For the Court of Appeals to presume to rule on the merits in such an absence of proper procedure requires this Court to point out to that Court and all trial courts that a motion to suppress evidence requires the holding of a full evidentiary hearing and any attempt to rule on such a motion on the basis of a preliminary examination transcript alone is inadequate and erroneous.
>
> Since a trial court has not yet had an opportunity to examine the totality of circumstances surrounding the contested seizure with an eye toward determining the existence or absence of probable cause, we remand for an evidentiary hearing on defendant's motion to suppress to help insure the constitutionally correct resolution of this issue.
>
> The hearing upon remand is to be a *de novo* inquiry into the constitutional validity of the contested seizure. The trial court in this case, and all other trial courts in the conduct of all future suppression hearings, shall not place exclusive

reliance on the preliminary examination transcript in the determination of the legality of a contested search or seizure. [*Id.,* pp 389-390.]

*Talley* is still good law. While defendant filed a notice of hearing with regard to his motions to quash and to suppress the evidence, the record does not indicate that such a hearing was ever held. Accordingly, the circuit court erred in deciding the motion to suppress solely on the basis of the preliminary examination transcript. We therefore remand this case to the circuit court for an evidentiary hearing on defendant's motion to suppress.

Reversed in part and remanded to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction.