PEOPLE v FLOWERS

Docket No. 133312. Submitted August 6, 1991, at Lansing. Decided
    September 3, 1991, at 9:35 A.M. Leave to appeal denied, 439 Mich
    876.

    Jack L. Flowers was charged in the 67th District Court with
    felony murder, conspiracy to commit murder, and solicitation
    to commit murder. The court, Harland R. Caswell, J., bound
    the defendant over for trial on charges of conspiracy to assault
    with intent to do great bodily harm less than murder and
    solicitation to assault with intent to do great bodily harm less
    than murder. The prosecutor appealed by leave granted to the
    Genesee Circuit Court, which affirmed with regard to binding
    the defendant over on charges of conspiracy and solicitation to
    assault with intent to do great bodily harm less than murder,
    but remanded for reinstatement of the felony-murder charge,
    Valdemar L. Washington, J. The defendant appealed by leave
    granted.

    The Court of Appeals *held:*

    1. The circuit court's failure to require the prosecutor to
    submit an affidavit explaining the delay in applying for leave to
    appeal was harmless error. The court did not abuse its discre-
    tion in considering the application.

    2. Sufficient evidence was presented to support a finding of
    probable cause that the defendant was an aider and abettor in
    the events that led to the victim's death during the perpetra-
    tion of a robbery, and there was evidence from which an
    inference of malice could be drawn. The prosecutor was entitled
    to have the defendant bound over on the charge of first-degree
    felony murder.

    Affirmed and remanded for reinstatement of the felony mur-
    der charge.

1. HOMICIDE — FELONY MURDER — MALICE.
    The facts and circumstances of a killing may give rise to an
    inference of malice, but malice can never be established as a

REFERENCES

Am Jur 2d, Homicide §§ 27, 29, 42, 46, 50, 51, 76, 77.
See the Index to Annotations under Aiding and Abetting; Assault
    and Battery; Felony Murder Doctrine; Malice.

matter of law by proof of those facts and circumstances; a jury may properly infer malice from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm; if it concludes that malice existed, it can find murder and, if it determines that the murder occurred in the perpetration or attempted perpetration of one of the felonies enumerated in the statute, the murder is first-degree murder; the issue of malice must always be submitted to the jury (MCL 750.316; MSA 28.548).

2. HOMICIDE — FELONY MURDER — AIDERS AND ABETTORS — INTENT.

To convict a defendant of aiding and abetting a first-degree felony murder, a prosecutor must show that the defendant had the intent not only to commit the underlying felony, but also to kill or cause great bodily harm or had wantonly and wilfully disregarded the likelihood of the natural tendency of the behavior to cause death or great bodily harm; if the defendant participated in the crime with knowledge of the principal's intent to kill or to cause great bodily harm, the defendant was acting with wanton and wilful disregard sufficient to support a finding of malice; intent is a question of fact to be inferred from the circumstances by the trier of fact (MCL 750.316; MSA 28.548).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Miner, Spuhler & Miner, P.C.* (by *Earl R. Spuhler*), for the defendant on appeal.

Before: MacKENZIE, P.J., and REILLY and CONNOR, JJ.

REILLY, J. Defendant appeals by leave granted the order of the circuit court remanding this case to the district court for reinstatement of the felony-murder charge. MCL 750.316; MSA 28.548. We affirm.

At the preliminary examination, codefendant Roger Wilson testified that he had met with the defendant on at least two occasions during which

defendant offered to pay him between $100 and $200 to beat up Donald May, and an additional $50 for each bone broken. Defendant gave Wilson a photograph of May, May's address, and the names of two local bars May frequented. Wilson was to produce May's wallet to prove that the beating had been accomplished. Wilson further testified that on January 27, 1990, he drove two other codefendants, Tony Bigelow and Ricky Goss, to May's home where, according to their plan, they were to break in, and beat and rob May. Wilson met with the two codefendants later and was given a videocassette recorder, May's wallet, and a bloody sock to offer as proof that the plan had been carried out. Wilson turned the items over to defendant and was paid $110 and promised an "eight ball" of drugs (3½ grams). Wilson subsequently learned that May had been shot in the back of the head. The medical examiner confirmed that death was caused by a single shot and that there was no evidence of any beating.

The district court bound defendant over on the reduced charges of conspiracy to assault with intent to do great bodily harm less than murder, MCL 750.84, 750.157a; MSA 28.279, 28.354(1), and solicitation to assault with intent to do great bodily harm less than murder, MCL 750.84, 750.157b(3); MSA 28.279, 28.354(2)(3). The prosecutor filed an appeal[1] to the circuit court, asking for reinstatement of the charges of felony murder, conspiracy to commit murder, and solicitation to

[1] Although the prosecutor referred to his August 2, 1990, appeal as interlocutory, the district court order binding defendant over to circuit court on the lesser charges of conspiracy and solicitation to assault with intent to commit great bodily harm less than murder was signed on June 26, 1990. The prosecutor's motion for reconsideration of his request to bind over on the original charges was denied on either July 3, 1990, or July 17, 1990. Because there apparently was no other matter pending in the district court against any of the codefendants, the order was final and the appeal was not interlocutory.

commit murder. The circuit court partially granted the prosecutor's request by ordering a remand for reinstatement of the felony-murder charge. The prosecutor has not filed a cross appeal.

I

Defendant first contends that the circuit court erred in ignoring MCR 7.103 and in treating the prosecutor's application for leave to appeal as a motion. We agree that the circuit court had no jurisdiction to hear a motion relating to a charge previously dismissed at the district court level. A circuit court does not acquire jurisdiction until a return is filed by the district court, and jurisdiction is limited to the offense specified in the return. *People v Curtis,* 389 Mich 698, 711; 209 NW2d 243 (1973).

A prosecutor is entitled to a review of a dismissal order only through an appeal as of right or by leave granted. MCL 600.8342; MSA 27A.8342, as amended effective January 1, 1982; MCR 7.103. See *People v McCoy,* 75 Mich App 164, 170-171; 254 NW2d 829 (1977). If twenty-one days have passed since the entry of the order being appealed, an affidavit must be submitted explaining the delay in seeking leave to appeal. MCR 7.103(B)(6). The court rule no longer requires that the explanation show nonculpable negligence. See GCR 1963, 703.2(f). The decision of a circuit court to grant or deny leave is reviewed under an abuse of discretion standard. Compare *Blue Cross & Blue Shield of Michigan v Comm'r of Ins,* 155 Mich App 723, 730; 400 NW2d 638 (1986).

The prosecutor's application for leave to appeal was filed in the circuit court on August 2, 1990. Because the application was not filed within

twenty-one days from the entry of the order,[2] an affidavit explaining the delay should have been presented. However, we believe the circuit court's failure to require the affidavit was harmless error. MCR 2.613. The court rules are to be construed to secure the just, speedy, and economical determination of every action and to avoid the consequences of error that does not affect the substantial rights of the parties. MCR 1.105.

The application was late by only nine days at most, and the circuit court found that defendant was not prejudiced by the delay. A remand at this time for the purpose of requiring the prosecutor to offer an explanation in affidavit form would not serve justice. See *People v McKendrick,* 188 Mich App 128, 146; 468 NW2d 903 (1991). We find, therefore, that the circuit court's consideration of the prosecutor's application for leave to appeal was not an abuse of discretion.

II

Defendant's second claim on appeal is that the circuit court erred in remanding the case to the district court to bind the defendant over on the charge of felony murder. We disagree.

The district court recognized that the defendant was charged with four counts: (I) premeditated murder, (II) felony murder, (III) conspiracy to commit murder, and (IV) solicitation to commit murder. After evaluating the evidence presented at the preliminary examination, the district court dismissed all the counts because there was insuffi-

---

[2] Our review of the record shows that the order of the district court denying the prosecutor's motion for reconsideration was signed on July 3, 1990. A second order, which also appears to be an original signed by the district judge, was signed on July 17, 1990. However, neither party relies on the order dated July 17, 1990. Therefore, we confine our review to the order dated July 3, 1990.

cient evidence to support the prosecutor's claims that defendant had the intent to solicit murder and that he made an agreement to have the victim killed. The district court bound defendant over for trial on the lesser charges of solicitation and conspiracy to commit assault with intent to do great bodily harm less than murder.

The circuit court, on review, ruled that the decision of the district court regarding the felony murder charge was an abuse of discretion. The circuit court determined that the issues regarding defendant's intent and the foreseeability of the victim's death were issues of fact that could not be resolved by the examining judge, but must be reserved for the factfinder at trial.

In reviewing a district court's decision to bind over an accused, a circuit court may not substitute its judgment for that of the district court. The circuit court may only reverse the lower court's decision if it appears on the record that there was an abuse of discretion. *People v Whittaker,* 187 Mich App 122, 127-128; 466 NW2d 364 (1991), citing *People v Talley,* 410 Mich 378, 385-387; 301 NW2d 809 (1981). This Court's review is de novo, because we must determine whether the district court abused its discretion in finding a lack of probable cause to believe that the defendant committed the offense charged. Resolution of this issue essentially involves the determination whether the evidence presented to the district court was sufficient to establish, as a matter of law, that the offense charged probably had been committed by the defendant.

MCL 750.316; MSA 28.548, often referred to as the first-degree felony-murder statute, provides:

Murder which is perpetrated by means of poison, lying in wait, or other wilful, deliberate, and

premeditated killing, or which is committed in the perpetration, or attempt to perpetrate arson, criminal sexual conduct in the first or third degree, robbery, breaking and entering of a dwelling, larceny of any kind, extortion, or kidnapping, is murder of the first degree, and shall be punished by imprisonment for life.

MCL 767.39; MSA 28.979, which abolishes the distinction between an accessory and the principal perpetrator, provides:

Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense.

In 1980, our Supreme Court abrogated the common-law concept of felony murder when it determined that the intent to commit the underlying felony could no longer be equated with the intent to murder. *People v Aaron,* 409 Mich 672, 727; 299 NW2d 304 (1980). The Court further ruled that in order to raise a homicide to the level of first-degree murder for purposes of ascertaining the punishment to be imposed, it is first necessary to establish a murder. The term "murder" as used in the first-degree murder statute includes all types of murder at common law. *People v Scott,* 6 Mich 287, 292-293 (1859).

In Michigan, the term "murder" is judicially, rather than statutorily, defined.

"Murder is where a person of sound memory and discretion unlawfully kills any reasonable creature in being, in the peace of the state, with malice prepense or aforethought, either express or

implied." [*Aaron, supra* at 713, quoting *People v
Potter,* 5 Mich 1, 6 (1858).]

Malice aforethought elevates a homicide, which
may be innocent or criminal, to murder. *Aaron,
supra* at 714. Murder at common law is now
known under our statutory scheme as the crime of
second-degree murder. MCL 750.317; MSA 28.549.
Second-degree murder is committed only if the
actor entertains one of three possible intents: the
intent to kill, the intent to inflict great bodily
harm, or the intent to create a very high risk of
death or great bodily harm with the knowledge
that death or great bodily harm will probably
result. *People v Dykhouse* 418 Mich 488, 495; 345
NW2d 150 (1984). In contrast, the statutory crime
of first-degree premeditated murder is committed
only if the defendant entertains the intent to kill,
which must be deliberate and premeditated. *Id.*

Malice is an essential element of any murder,
whether the murder occurs in the course of a
felony or otherwise. *Aaron, supra* at 728. The
element of malice required for statutory felony
murder was redefined in *Aaron* to be the same as
that required for second-degree murder: the inten-
tion to kill, the intention to do great bodily harm,
or the wanton and wilful disregard of the likeli-
hood that the natural tendency of the defendant's
behavior is to cause death or great bodily harm.
*Id.* at 728. The common-law rule that defined the
malice required for a felony murder as the intent
to commit the underlying felony was abolished. *Id.*
at 727.

The facts and circumstances of a killing may
give rise to an inference of malice, but malice can
never be established as a matter of law by proof of
those facts and circumstances. It is for the jury to
determine whether the element of malice can be

inferred from all the evidence. *People v Richardson,* 409 Mich 126, 144; 293 NW2d 332 (1980). A jury can properly infer malice from evidence that a defendant intentionally set in motion a force likely to cause death or great bodily harm. If the jury concludes that malice existed, it can find murder and, if it determines that the murder occurred in the perpetration or attempted perpetration of one of the enumerated felonies, by statute the murder would become first-degree murder. *Aaron, supra* at 729-730. The issue of malice must always be submitted to the jury. *Id.* at 733.

The prosecutor argues that defendant was properly charged with felony murder because he aided and abetted the robbery and killing of Donald May by agreeing to pay for May's beating, by offering an additional $50 for each bone broken, and by ordering that May's wallet be taken as proof of the deed. The prosecutor contends that the required malice was shown because the defendant authorized and encouraged extreme injury to May, and it was foreseeable that the actions would result in May's death.

On the other hand, the defendant argues that the evidence, if believed, could establish only the intent that Donald May should be beaten. He argues that, while he might be charged for a death resulting from an excessive beating, he should not be held responsible for the independent, unauthorized acts of breaking and entering and shooting the decedent.

We agree that the malice that may be inferred from the authority granted by the offer to pay for the breaking of the decedent's bones would be sufficient to support a charge of felony murder if death had resulted from a beating. However, there was no evidence of any beating. The question presented, then, is whether the authority granted

by the offer to pay $50 for each bone broken impliedly authorized the defendant's agents to kill Donald May, regardless of the means employed.

In situations involving the vicarious liability of cofelons, the individual liability of each felon must be shown. It is fundamentally unfair and in violation of basic principles of individual criminal culpability to hold one felon liable for an unforeseen death that did not result from actions agreed upon by the participants. In cases where the felons are acting intentionally or recklessly in pursuit of a common plan, liability may be established on agency principles. *Aaron, supra* at 731. If the homicide is not within the scope of the main purpose of the conspiracy, those not participating are not criminally liable. 40 Am Jur 2d, Homicide, § 34, p 326.

In order to convict one charged as an aider and abettor of a first-degree felony murder, the prosecutor must show that the person charged had both the intent to commit the underlying felony and the same malice that is required to be shown to convict the principal perpetrator of the murder. Therefore, the prosecutor must show that the aider and abettor had the intent to commit not only the underlying felony, but also to kill or to cause great bodily harm, or had wantonly and wilfully disregarded the likelihood of the natural tendency of this behavior to cause death or great bodily harm. Further, if it can be shown that the aider and abettor participated in a crime with knowledge of his principal's intent to kill or to cause great bodily harm, he was acting with wanton and wilful disregard sufficient to support a finding of malice. *People v Kelly,* 423 Mich 261; 378 NW2d 365 (1985).

Intent is a question of fact to be inferred from the circumstances by the trier of fact. *People v*

*Wirth,* 87 Mich App 41, 46; 273 NW2d 104 (1978). It is likewise a factual issue whether a particular act or crime committed was fairly within the intended scope of the common criminal enterprise. *Id.* at 47; *People v Pitts,* 84 Mich App 656, 661; 270 NW2d 482 (1978); *People v Trudeau,* 51 Mich App 766, 772-773; 216 NW2d 450 (1974).

In the case before us, the district court found that the evidence supported the charge that defendant solicited the extreme beating of Donald May by offering $50 for each broken bone and agreed to the taking of May's wallet as proof that the planned activity had succeeded. However, the court refused to bind over the defendant on the charge of felony murder because it found that the defendant did not have the requisite intent "to kill." This was error. If it appears that a felony has been committed for which there is probable cause to charge the defendant, it is the statutory duty of the magistrate to bind the defendant over for trial. MCL 766.13; MSA 28.931. Although the magistrate need not establish guilt beyond a reasonable doubt, there must exist evidence of each element of the crime charged or evidence from which the elements may be inferred. *People v Doss,* 406 Mich 90; 276 NW2d 9 (1979). It is not the function of the magistrate to discharge the accused when the evidence is conflicting or raises a reasonable doubt with regard to guilt. Such questions are for the trier of fact. *People v Hill,* 433 Mich 464, 469; 446 NW2d 140 (1989). *People v Coons,* 158 Mich App 735; 405 NW2d 153 (1987).

Having presented evidence sufficient to support a finding of probable cause that defendant was an aider and abettor in the events that led to the death of Donald May during the perpetration of a robbery, and having presented evidence from which an inference of malice may properly be

drawn, the prosecutor was entitled to have the defendant bound over on the charge of first-degree felony murder. The magistrate's refusal to do so was an abuse of discretion. We therefore affirm the order of the circuit court and remand this case for reinstatement of the felony-murder charge against the defendant.

Affirmed and remanded.