PEOPLE v DJORDJEVIC

Docket No. 204847. Submitted April 14, 1998, at Detroit. Decided June 26,
    1998, at 9:00 A.M. Leave to appeal sought.

Dragan Djordjevic and Saso Savich were bound over to the Recorder's
    Court for the city of Detroit on charges of second-degree murder,
    burning real property, burning insured property, and conspiracy to
    burn insured property. The court, Gershwin A. Drain, J., granted
    the defendants' motion to dismiss the second-degree murder
    charges, finding that the evidence supported a finding of accidental
    death only and did not establish the requisite malice requirement.
    The murder charge was based on the death of a person the defend-
    ants had hired to burn down their building and who died during the
    fire as a result of soot and smoke inhalation. The prosecution
    appealed by leave granted.

    The Court of Appeals *held*:

    There was sufficient evidence to establish probable cause to
    believe that the defendants committed second-degree murder. The
    district court did not abuse its discretion in binding the defendants
    over for trial. The evidence establishes probable cause to believe
    that death or great bodily harm was the natural tendency of the
    defendants' act. A reasonable jury could conclude that the danger
    to the arsonist, neighbors, or fire fighters was sufficiently high to
    allow for the conclusion that death or great bodily harm was the
    natural tendency of the act. The court erred in removing this deter-
    mination from the province of the jury. The order dismissing the
    murder charges must be reversed and the matter must be
    remanded for reinstatement of the charges.

    Reversed and remanded.

HOMICIDE — SECOND-DEGREE MURDER — MALICE.

    The malice element of second-degree murder is satisfied by a showing
        that the defendant possessed the intent to kill, to do great bodily
        harm, or to create a high risk of death or great bodily harm with
        the knowledge that death or great bodily harm would be the proba-
        ble result; malice can be inferred from evidence that a defendant
        intentionally set in motion a force likely to cause death or great
        bodily harm; the creation of a high risk of death or great bodily

harm where death or great bodily harm is the natural tendency of the act satisfies the malice element (MCL 750.317; MSA 28.549).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Carolyn M. Breen*, Assistant Prosecuting Attorney, for the people.

*Cornelius Pitts*, for Dragan Djordjevic.

*John F. Royal*, for Saso Savich.

Before: SAWYER, P.J., and BANDSTRA and J. B. SULLIVAN*, JJ.

SAWYER, P.J. The prosecution appeals by leave granted from an order of the Recorder's Court dismissing second-degree murder charges, MCL 750.317; MSA 28.549, against defendants. We reverse and remand.

This case presents a novel question, namely, whether the death of a coconspirator during an arson provides the requisite malice for second-degree murder. The lower court dismissed the charges against defendants, concluding that there was insufficient evidence to establish the mens rea for second-degree murder. We disagree.

Defendants owned a bar, Slap Shots, in Detroit. The bar was insured against fire loss and, in December 1995, defendants offered to pay the decedent, Allen Lowery, to burn down the bar. During the early morning hours of December 31, 1995, Lowery did just that. Unfortunately for Lowery, however, he was killed

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

during the fire as a result of soot and smoke inhalation.

Defendants were charged with second-degree murder, on the basis of the death of Lowery in the fire, as well as burning real property, burning insured property, and conspiracy to burn insured property. The district court bound defendants over on these charges, but the Recorder's Court quashed the second-degree murder charges, concluding that the evidence supported only a finding of accidental death and did not establish the requisite malice requirement.

We review the trial court's decision to quash an information de novo. *People v Flowers*, 191 Mich App 169; 477 NW2d 473 (1991). The district court's decision to bind defendants over for trial should be reviewed for an abuse of discretion. *People v Thomas*, 438 Mich 448, 452; 475 NW2d 288 (1991). Unlike the trial court, we are not convinced that the district court abused its discretion in binding defendants over for trial.

This appears to be a question of first impression in Michigan. Furthermore, decisions in other states are not particularly helpful because our sister states are split on the issue. See, e.g., *Commonwealth v Bolish*, 381 Pa 500; 113 A2d 464 (1955), which supports the prosecutor's position, and *People v Jennings*, 243 Cal App 2d 324; 52 Cal Rptr 329 (1966), which supports defendants' position. Furthermore, those cases are distinguishable from the case at bar inasmuch as they were first-degree felony-murder cases.

The malice element of second-degree murder is satisfied by showing that the defendant possessed the intent to kill, to do great bodily harm, or to create a

462 MICH APP 459 [June

high risk of death or great bodily harm with the
knowledge that death or great bodily harm would be
the probable result. *People v Kemp*, 202 Mich App
318, 322; 508 NW2d 184 (1993). Malice can be
inferred from evidence that a defendant intentionally
set in motion a force likely to cause death or great
bodily harm. *People v Aaron*, 409 Mich 672, 729; 299
NW2d 304 (1980).

The parties agree that defendants did not act with
the intent to kill or do great bodily harm. The prose-
cutor argues that it was foreseeable that either a fire
fighter, Lowery, or a person in a nearby home could
have been injured or killed by the fire. Defendants
argue that the evidence reflects only an intent to burn
the bar, not to injure anyone in the process.

First, we note that the decision to bind a defendant
over for trial is not based upon a determination of
guilt beyond a reasonable doubt, but that the evi-
dence is sufficient to establish a reasonable belief
that the defendant is guilty. See *People v Justice
(After Remand)*, 454 Mich 334, 343; 562 NW2d 652
(1997).

Second, we note that this Court, in *People v Baker*,
216 Mich App 687; 551 NW2d 195 (1996), rev'd 457
Mich 442 (1998), distinguished between involuntary
manslaughter and second-degree murder (based upon
the creation of a high risk of death or great bodily
harm) by whether death or great bodily harm is the
natural tendency of the act (second-degree murder)
or whether the defendant merely acted in wanton dis-
regard that death or great bodily harm may follow
(manslaughter).

We are satisfied that the evidence establishes prob-
able cause to believe that death or great bodily harm

was the natural tendency of defendants' act. That is, while it would not be unreasonable for a jury to conclude that defendants acted only in wanton disregard that death or great bodily harm might follow, a jury could also reasonably conclude that death or great bodily harm was the natural tendency of defendants' act. A fire was set in a building with gasoline, with residences nearby. A reasonable jury could conclude that the danger to the arsonist, neighbors, or fire fighters was sufficiently high to allow for the conclusion that death or great bodily harm was the natural tendency of the act. The trial court erred in removing that determination from the province of the jury.

In short, there was sufficient evidence to establish probable cause to believe that defendants committed second-degree murder and, therefore, the district court did not abuse its discretion in binding defendants over for trial. Whether the evidence is sufficient to establish guilt beyond a reasonable doubt is to be determined by the jury.[1]

Reversed and remanded to the trial court with instructions to reinstate the charges of second-degree murder against defendants. We do not retain jurisdiction.

---

[1] Defendants' reliance on *People v Austin*, 370 Mich 12; 120 NW2d 766 (1963), is misplaced. *Austin* does not, as defendants suggest, create a rule that the death of a criminal participant cannot constitute the crime of murder with respect to the remaining participants. The rule in *Austin* is narrower: The *justifiable* killing of a criminal participant cannot establish a felony murder against a coparticipant. The case at bar involves neither felony murder nor a justifiable killing.