# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MICHAEL DAVIN SMITH,

      Defendant-Appellant.

UNPUBLISHED
November 3, 2015

No. 321884
Gogebic Circuit Court
LC No. 2013-000147-FC

Before: MARKEY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Defendant was convicted by a jury of voluntary manslaughter, MCL 750.321. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 19 to 30 years in prison. Defendant appeals as of right. We affirm.

Defendant's conviction arises from the beating death of fellow Ojibway Correctional Facility prisoner Randolph Connor in January 2013. It appears that the beating was over a gambling debt.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that his voluntary manslaughter conviction should be reversed because the prosecution failed to present sufficient evidence. We disagree.

"We review de novo a challenge on appeal to the sufficiency of the evidence." *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, [we are] required to take the evidence in the light most favorable to the prosecutor" to ascertain "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010) (quotation marks and citation omitted). "All conflicts in the evidence must be resolved in favor of the prosecution and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008).

"To prove voluntary manslaughter, the prosecution must prove that: (1) the defendant killed in the heat of passion; (2) the passion was caused by adequate provocation; and (3) there was no lapse of time during which a reasonable person could have controlled his passions."

-1-

*People v Tierney*, 266 Mich App 687, 714; 703 NW2d 204 (2005). The intent to kill or commit serious bodily harm is an essential element of the crime of voluntary manslaughter. *People v Hess*, 214 Mich App 33, 38; 543 NW2d 332 (1995).

With regard to the first three elements, evidence was presented at trial from which a jury could conclude that defendant's actions resulted in Connor's death, that it was done in the heat of passion, and that there was no lapse in time in which a reasonable person could have controlled the passion. *Tierney*, 266 Mich App at 714. Testimony related to the reality of prison life specifically supported the heat of passion finding by the jury. We also conclude that there was sufficient evidence to support the criminal intent element. "Because it is difficult to prove an actor's state of mind, only minimal circumstantial evidence is required." *People v McGhee*, 268 Mich App 600, 623; 709 NW2d 595 (2005). Malice may be "inferred from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm." *People v Mayhew*, 236 Mich App 112, 125, 600 NW2d 370 (1999) quoting *People v Djordjevic*, 230 Mich App 459, 462; 584 NW2d 610 (1998). The videotape of the assault is sufficient in and of itself to establish beyond a reasonable doubt that defendant intended to commit great bodily harm. Without any overt aggressive action by Connor, defendant hit him twice in the head, causing him to drop to the ground. The extreme and violent quality of the attack was further demonstrated by defendant hitting Connor three more times in the head and viciously stomping on his head three times as Connor lay motionless on the ground. Defendant did not stop attacking Connor until he was pulled away by other prisoners. Defendant's intent to do at least great bodily harm can be inferred from the brutality of his behavior. See *People v Roper*, 286 Mich App 77, 86; 777 NW2d 483 (2009) (concluding that there was sufficient evidence to infer that the defendant intended to commit great bodily harm where the defendant "stabbed [the victim, then] followed [the victim] out of the trailer and began to kick and stomp on him while taunting him"). Finally, to the extent defendant appears to argue that criminal intent was not established because defendant did not confess, there is no requirement of a confession—criminal intent may be established by circumstantial evidence because it is difficult to prove an actor's state of mind. *McGhee*, 268 Mich App at 623.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that he was denied the effective assistance of counsel because trial counsel failed to object to certain testimony by a registered nurse, Emily Vukusich, and Connor's mother, Faye Connor. "[B]ecause the trial court did not hold an evidentiary hearing," our review "is limited to the facts on the record." *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000). Whether a defendant received effective assistance of counsel is a mixed question of fact and law. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). A trial court's findings of fact, if any, are reviewed for clear error, and we review the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo. *Id*.

To establish a claim of ineffective assistance of counsel, "a defendant must establish that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 688; 104 S Ct 2052; 80 L Ed 2d 674 (1984) (quotation marks omitted). The defendant must establish both prongs of this test to prevail on

his claim of ineffective assistance of counsel. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). In addition, "to persuade a reviewing court that counsel was ineffective, a defendant must also overcome the presumption that the challenged action was trial strategy[.]" *Id.* quoting *People v Johnson*, 451 Mich 115, 124, 545 NW2d 637 (1996). It is strongly presumed that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Vaughn*, 491 Mich at 670 (quotation marks and citation omitted). "Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy[.]" *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

Defendant's theory of the case was that the prosecution was unable to prove the requisite criminal intent, specifically that there was insufficient evidence to find that he intended to inflict great bodily harm. Defendant argues that since Vukusich was not qualified as an expert, counsel should have objected to her testimony that Connor's quality of life would have been poor if he had survived because "the brain tissue was already damaged irreversibly" and "he wouldn't have any brain function." This testimony was arguably relevant in that the extreme severity of Connor's brain injury was circumstantial evidence of defendant's intent to commit great bodily harm. See *Djordjevic*, 230 Mich App at 462 (holding that malice may be "inferred from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm"). However, the testimony was improper. Vukusich was not qualified as an expert to offer the medical conclusion regarding Connor's quality of life had he survived and her conclusion certainly did not qualify as a lay witness' perception under MRE 701. Not only did defense counsel not object to Vukusich's testimony, he asked no questions of the witness.

Even though the specified testimony was improper, defendant cannot rule out counsel's lack of objection as a matter of defense trial strategy. Vukusich was one of nine medical professionals to testify for the prosecution and her improper testimony was a single answer given in the context of fairly brief testimony, the crux of which was Connor's condition immediately after the incident which claimed his life. "This Court will not second-guess counsel regarding matters of trial strategy and will not assess counsel's competence with the benefit of hindsight." *People v Henry*, 239 Mich App 140, 148; 607 NW2d 767 (1999). Defendant also cannot establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Vaughn*, 491 Mich at 669 (quotation marks and citation omitted). A doctor testified that Connor was ultimately declared brain dead following surgery. Thus, even if Vukusich improperly offered a conclusion regarding his quality of life had he survived, the error was harmless because there was other evidence that he had no brain function. In addition, numerous other medical professionals testified that his physical symptoms were indicative of a severe brain injury, that his condition was deteriorating from the time he was removed from the prison, and that his prognosis was poor. In light of the cumulative testimony admitted, Vukusich's testimony did not affect the outcome of the proceeding.

Even though we conclude that counsel should have objected to the introduction of the photographs and much of the mother's testimony, counsel's errors do not support reversal of defendant's conviction because defendant cannot establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Vaughn*, 491 Mich at 669 (quotation marks and citation omitted). The jury heard testimony from several other witnesses who focused on Connor's prison persona and the

relationship between defendant and Connor.  However, it was the videotape that offered the most salient evidence regarding the incident.  There is no basis to conclude that the result of the proceeding would have been different without the disputed evidence and accordingly, the ineffective assistance of counsel claim fails.

Affirmed.

/s/ Jane E. Markey
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan