# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

DARIUS LEE MILES,

Defendant-Appellee.

UNPUBLISHED
August 16, 2016

No. 326558
Wayne Circuit Court
LC No. 15-000139-FH

Before: BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

The prosecutor appeals as of right the trial court's order granting defendant's motion to quash and dismissing two counts of possession with intent to deliver less than 50 grams of a controlled substance, MCL 333.7401(2)(a)(*iv*). We reverse and remand for reinstatement of the charges.

The police executed a search warrant at a home on Lenox Street in Detroit. The home had no functioning bathroom and the electricity was illegally connected. Some of the rear windows on the home were boarded up. The police had to breach the locked front door to enter. Upon entering the first bedroom, they discovered codefendant Andrew Stewart. A handgun and $115 in cash were recovered. In the second bedroom, defendant was found attempting to hide behind the door and two ziplock baggies of narcotics were found at his feet. At the conclusion of the preliminary examination, the defense argued that defendant was merely present in the home where narcotics were found. The prosecution argued that the issue whether defendant possessed the narcotics was for the trier of fact. The district court agreed and bound defendant over for trial. In the circuit court, defendant filed a motion to quash the information. The circuit court granted the motion, holding "that there was no evidence of possession" and dismissed the charges. This appeal followed.

A trial court's ruling on a motion to quash is reviewed for an abuse of discretion. *People v Lemons*, 299 Mich App 541, 545; 830 NW2d 794 (2013). If the ruling is premised on an interpretation of law, appellate review is de novo. *Id*. "An abuse of discretion occurs when the circuit court chooses an outcome that falls outside the range of principled outcomes." *People v Jones*, 497 Mich 155, 161; 860 NW2d 112 (2014).

The circuit court abused its discretion by granting defendant's motion to quash. "A magistrate has a duty to bind over a defendant for trial if it appears that a felony has been

-1-

committed and there is probable cause to believe that the defendant committed that felony." *People v Stone*, 463 Mich 558, 561; 621 NW2d 702 (2001), citing MCL 766.13.

> To establish that a crime has been committed, a prosecutor need not prove each element beyond a reasonable doubt, but must present some evidence of each element. Circumstantial evidence and reasonable inferences from the evidence can be sufficient. If the evidence conflicts or raises a reasonable doubt, the defendant should be bound over for trial, where the questions can be resolved by the trier of fact. [*People v Henderson*, 282 Mich App 307, 312; 765 NW2d 619 (2009) (citations omitted).]

The trial court determined that there was "no evidence of possession" to support defendant's bindover on two counts of possession with intent to deliver a controlled substance. We disagree. In *People v Wolfe*, 440 Mich 508, 519-520; 489 NW2d 748, mod 441 Mich 1201 (1992), our Supreme Court stated:

> A person need not have actual physical possession of a controlled substance to be guilty of possessing it. Possession may be either actual or constructive. Likewise, possession may be found even when the defendant is not the owner of recovered narcotics. Moreover, possession may be joint, with more than one person actually or constructively possessing a controlled substance. [Citations omitted.]

In *People v Bylsma*, 493 Mich 17, 31-32; 825 NW2d 543 (2012), the Court expanded on these principles, stating:

> Furthermore, a person's presence, by itself, at a location where drugs are found is insufficient to prove constructive possession. Rather, the essential inquiry into possession is whether there is a sufficient nexus between the defendant and the contraband, including whether the defendant exercised a dominion and control over the substance. [Quotation marks and footnotes omitted.]

Actual possession occurs when an individual exercises direct physical control over a thing at a given time. *People v Flick*, 487 Mich 1, 15; 790 NW2d 295 (2010). Even if an individual does not have actual possession, a person constructively possesses a thing if he knowingly has the power and intention at a given time to exercise dominion or control over it through direct acts or through the acts of another. *Id*. at 14-15. "Constructive possession of an illegal substance requires proof that the defendant knew of its character." *People v McGhee*, 268 Mich App 600, 610; 709 NW2d 595 (2005). The possession determination must be examined in light of the totality of the circumstances. *Wolfe*, 440 Mich at 521. Where there is an issue of fact whether a defendant knowingly possessed narcotics, it is erroneous for the trial court to grant a motion to quash, even if a reasonable doubt may exist. *People v Whittaker*, 187 Mich App 122, 128; 466 NW2d 364 (1991).

In this case, the issue whether defendant knowingly possessed the narcotics or was merely present was for the trier of fact to resolve. Three police officers executed a search warrant at an apparently abandoned home. The home had an illegal electrical hookup, and

windows were boarded up at the back of the home. There was no functioning bathroom. In the first bedroom, the officers located codefendant Stewart, who was seated on a bed with his hands raised. A loaded gun was found on the bed where Stewart was sitting and $115 in cash was found on his person. In the second bedroom, the officers located defendant "attempting" to hide behind the door. Baggies of narcotics were on the floor at defendant's feet.

Although it is possible that defendant was merely present in the room where the drugs were found, the evidence also supported an inference that defendant and Stewart used the vacant home to sell drugs and when defendant heard the police apprehend Stewart, he attempted to hide behind the door because the windows were boarded up, and dropped the narcotics at his feet in an attempt to disassociate from the drugs that were clearly packaged for selling, not personal use. Considering the totality of the circumstances, a trier of fact could conclude that defendant possessed the narcotics. The plausibility of each theory and whether reasonable doubt could be established in light of the facts and circumstances presented an issue for the trier of fact to determine. Accordingly, the circuit court abused its discretion when it granted the motion to quash and dismissed the charges.

Reversed and remanded for reinstatement of charges. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola