*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

ANTHONY QUINN LAVALLIS,

Defendant-Appellee.

UNPUBLISHED
March 5, 2019

No. 340829
Oakland Circuit Court
LC No. 2017-160175-AR

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent. At the conclusion of the preliminary hearing, the district court declined the prosecutor's request to bind defendant over. Pursuant to MCR 7.104(A), which is a jurisdictional rule, the prosecution had 21 days after entry of the order to claim an appeal of right. The prosecution failed to meet this deadline and, more than two months after its expiration, filed an application for leave to appeal.

The circuit court denied the late application for leave to appeal, finding "the length of the delay to be unreasonable. See MCR 7.105(G)(1)." That rule provides that the court may consider "the length of and the reasons for the delay in deciding whether to grant the application." In its application to the circuit court, the prosecution stated that the delay resulted from an assistant prosecutor's failure to refer the matter to the office's appellate division.

A circuit court's decision to deny a delayed application for leave to appeal is reviewed by this Court for an abuse of discretion. *People v Flowers*, 191 Mich App 169, 172; 477 NW2d 473 (1991). I see no basis to conclude that the circuit court abused its discretion. The reason for the delay was an error fully the responsibility of the prosecution and the delay in discovering that error was also fully the responsibility of the prosecution. A denial on the grounds that the "length of the delay was unreasonable" was well within the circuit court's discretion.

/s/ Douglas B. Shapiro

-1-